SOLOMON DE FREEST *vs.* BLOOMINGDALE and others, executors of Philip De Freest, deceased.

The giving of a promissory note is presumptive evidence that the payee was not at that time indebted to the maker.

And where the maker, after he had paid the note, sued the executors of the payee for a debt on simple contract existing when the note was made, but it was not shown for what the note was given, *held* that the presumption of law was that all the demands between the parties were settled at the date of the note, and that it was given for the balance due from the maker to the payee.

MOTION to set aside the report of a sole referee. The action was assumpsit, brought to recover for the support of Mary De Freest, the widow of Derick J. De Freest, deceased.

It appeared that D. J. De Freest, who died about 1832, had devised a farm to the plaintiff and N. De Freest, who were his sons, charged with and subject to the support of his widow. In 1835 N. De Freest conveyed his half of the farm to Philip De Freest, the defendant's testator, subject to the equal one-half of the support of the widow De Freest. She lived with and was supported by the plaintiff, and there was evidence tending to show that the defendant's testator had agreed that the plaintiff should take care of her, and that he, the testator, would pay him one-half of the expense. Philip De Freest died in September, 1842; and in 1843 a new arrangement was made for the support of the widow, after which there is no claim against the defendants.

The defendants proved that on the 27th March, 1839, the plaintiff gave his promissory note for $100 and interest to Philip De Freest, payable to him or bearer; that the note came into the hands of the defendants as his executors, who transferred it to one David De Freest; that the latter left it in the hands of an attorney, who gave notice to the plaintiff, and he thereupon paid it.

The referee reported in favor of the plaintiff for $443,20, allowing him one-half of the board of the widow for seven years and five months.

De Freest *v.* Bloomingdale.

*H. Z. Hayner*, for the defendant, moved to set aside the report. He insisted, among other points, that the giving of the note by the plaintiff to the defendants' testator was presumptive evidence that the testator was not at that time indebted to the plaintiff; and that presumption, he said, was not in any manner rebutted, or the giving of the note explained, so as to avoid the inference of a settlement up to that time. (*Cowen & Hill's Notes*, 296, *pl*. 9, *and cases there cited ; Alvord* v. *Baker*, 9 *Wend*. 323 ; *Decker* v. *Livingston*, 15 *John*. 479.)

*N. Hill, Jr.* for the plaintiff.

*By the Court*, BEARDSLEY, Ch. J. As the referee allowed the plaintiff for more than seven years' board of the widow De Freest, and there was no pretence of a right to recover for such board after January, 1843, the time for which the allowance was made must have commenced as early as 1836. This was some three years before the plaintiff gave his promissory note to the defendants' testator for $100 and interest. It does not appear what this note was given for, and, unexplained, the giving of the note was *prima facie* evidence that nothing remained due to the maker of the note from the person to whom it was delivered. This is a reasonable inference from the fact of giving a note, and the principle applies with full force to this case, for there was nothing to show on what consideration the note was given, or to rebut the ordinary presumption, that the demands between the parties were then liquidated and the note made for the balance found to be due from the maker. It is highly improbable that the plaintiff would have given this note to a person who was then indebted to him in a sum, according to this report, much beyond the amount of the note, and until some explanation shall be given the note is decisive evidence against any such claim. If an explanation can be given it must come from the plaintiff, for the presumption is that the note was given for a balance admitted to be due. Without examining other points made, the one already stated is decisive against the report, and it must be set aside.          Motion granted.