## Thomas Duguid *v.* William Ogilvie.

A referee, in his sound discretion, may, even upon his own motion, open a case for further testimony, although several days have elapsed since the evidence was closed and since the cause was summed up and submitted for his decision.

In an action for services rendered, proof that the plaintiff, many months after the alleged cause of action arose, gave to the defendant a promissory note which was paid at maturity, is sufficient, *primâ facie*, to defeat a recovery.

But the presumption thus raised in the defendant's favor, may be removed by evidence that the note was given for a temporary loan obtained by the plaintiff from defendant.

The plaintiff sued for labor and services as an accountant. The answer, after taking issue upon the allegations of the complaint generally, averred an indebtedness from the plaintiff to the defendant upon a note, and also for certain alleged loans and advances.

The cause was tried before Mr. Henry Nicoll, as sole referee. The plaintiff proved the rendition of the services in question. Testimony as to the value thereof was produced by both parties and was conflicting. The defendant proved several payments or advances to the plaintiff, and also put in evidence an unpaid note of the latter.

It appearing that the plaintiff's services were rendered in January and February, the defendant proved that in December of the same year the plaintiff made and delivered to him a promissory note, and paid it, upon its maturity, in the January following.

The evidence, being closed on both sides, was summed up

and the cause was submitted for decision, the defendant insisting that the execution and payment of the note last mentioned was conclusive of the non-existence of any indebtedness to the plaintiff.

Several days having elapsed, the referee notified the parties to appear before him and stated that he should allow the plaintiff to produce further testimony as to the consideration of the note of December 12, and the circumstances attending its delivery to the defendant.

Upon the appearance of the parties accordingly, the defendant objected to the proceeding and excepted to the ruling of the referee in opening the case and admitting the testimony.

The defendant was then sworn as a witness in the plaintiff's behalf, and testified that on the day of the date of the note, the plaintiff called upon him, stating that he was very much in want of some money, and that he would pay the defendant "extra interest" for the use of it; that thereupon the defendant made the loan as requested, taking this note therefor, but charging no more than the ordinary interest.

The referee, in his report, stated the account between the parties and found a sum due the plaintiff, whereupon a judgment was entered, and the defendant appealed.

*James W. White*, for the defendant, insisted—

I. That the report of the referee was against the evidence in the case. (Counsel here reviewed the testimony at length.) It will be borne in mind that none of the witnesses, except one, had any personal knowledge of the amount of service rendered; and further, that they all based their opinions upon an erroneous and exaggerated idea of the amount or quantity of labor rendered by Duguid. * * * And it is apparent that the referee made his report without testimony to support it, and, as the defendant alleges, against the testimony; because there is nothing in the case to furnish him with the result or value at which he rates Duguid's services. Under such circumstances, the presumption which the defendant insists upon, that

the parties had themselves previously liquidated and adjusted the amount, and that when the plaintiff gave his note to the defendant in December, 1852, he had no demand against the defendant, possesses a tenfold force.

II. The fact that the plaintiff, in December, 1852, long after the date of the service rendered by him, gave his promissory note to the defendant, and paid it to him at maturity, is a presumption amounting, under the circumstances of the case, to decisive evidence that the defendant was not then indebted to the plaintiff. (*De Freest* v. *Bloomingdale's ex. etc.* 5 Denio, 304.) The testimony of the defendant when sworn by the plaintiff does not, in any manner, weaken this presumption. The presumption is not alone that the note was given for a balance upon a then settlement of accounts, but that there had been some (present or previous) settlement, payment and discharge of any indebtedness of the payee to the maker when the maker gave his note. A presumption, in a word, that the payee was not then indebted to the maker of the note. And there could hardly be imagined a case in which the presumption would be more admissible or more decisive than in the present case.

III. The referee improperly admitted testimony after the case had been summed up and submitted.

IV. The judgment should be reversed with costs.

*Richard Goodman*, for the plaintiff, contended—

I. That the whole issue being a question of fact and the testimony conflicting, the report of the referee should not be disturbed.

II. That the report of the referee was in accordance with the evidence.

III. That it was discretionary with the referee to admit or require proof to elucidate any point in the case before giving his decision.

IV. That the facts shown did not raise the presumption that the debt due by the defendant to the plaintiff had been paid.

(*Sperry* v. *Miller*, No. 3 of Selden's Cases in Court of Appeals, p. 12.)

V. The judgment should be affirmed with costs.

By the Court. Daly, J.—There was no error in the referee's allowing additional evidence to be given after the case was summed up and submitted to him. It appears to have been done upon his own motion, and was confined to a particular point.

The plaintiff, long after he had performed the services for which he sought to recover, gave the defendant his promissory note for $75, and paid it when it fell due. This fact appearing in evidence, unaccompanied by any explanation, warranted the presumption that nothing was due to the plaintiff, when he paid the amount of this note to the defendant. (*De Freest* v. *Bloomingdale's ex. etc.*, 5 Denio, 304.) It was in the discretion of the referee to allow the plaintiff, even after the cause was submitted, to remove this presumption by showing the circumstances under which the note was given and paid. It was held in *Cleaveland* v. *Hunter*, 1 Wend. 104, that after a cause was submitted and the referees had retired they might open the cause and hear further testimony. In the present case the parties were fully notified as to what extent further testimony was to be allowed. The additional testimony consisted in the examination of the defendant himself alone. It has satisfactorily explained why the note was given and paid, and having thereby tended to promote the ends of justice, it would evince on the part of the court a disregard of the chief end and aim of every legal investigation to set the referee's report aside upon that ground.

The evidence of the defendant showed that this note was given for money borrowed of the defendant, by the plaintiff, upon a pressing emergency, for twenty-five days, and for which he offered to pay additional interest. The defendant having been placed upon the stand as a witness by his adversary, it was competent for him, if such was the fact, to prove that the claim for services had been adjusted and paid, or give in evi-

dence any acts of the plaintiff, or conversation between himself and the plaintiff, from which it might be inferred that the payments made to the plaintiff were received by him in full satisfaction of his claim. Not having done so, it may fairly be presumed that the claim for services remained unadjusted, and that the giving and the payment of the note was a separate and distinct transaction, upon which no presumption could be founded as to the real state of indebtedness between the parties.

The evidence in respect to the value of the services was conflicting, and in such cases we rarely interfere, though I confess I am unable to discover upon what basis the referee fixed the value of the services, as he appears to have done, at $210. Some of the witnesses estimated the value of the services at a higher sum, others at a lower, and we cannot say that he erred in abating something from the estimates of the former in deference to the opinions of the latter, or in adding something to the estimates of the latter in deference to the opinions of the former.

Judgment affirmed.