I think it a fair construction of what took place at the trial to consider the plaintiff as having claimed that there was nothing to submit to the jury and that the judge ought to direct a verdict in his favor; and the question is whether it was a case calling for such a direction. On the former trial the plaintiff was nonsuited, and we held that decision erroneous. The rent claimed having become due and payable was not affected by the surrender; and the other collateral terms of the agreement made on the occasion of the surrender, including the payment by the plaintiff of the $550, did not amount to a release or discharge of the rent which had accrued. But the defendant had pleaded the general issue, under which payment might be given in evidence, and he was entitled to submit to the jury any facts from which it would be lawful for them to find that the defendant had paid the rent, if there were any such facts in the case. I am of the opinion that the jury might fairly presume from the facts given in evidence that the rent now sued for had been paid. By the lease the defendant bound himself to pay the plaintiff semi-annually the sum of sixty-five dollars for rent. On the 1st of April, 1846, a semi-annual payment became due. There is no direct evidence whether it was then paid or was suffered to *Page 414 
remain in arrear; but on the next day an arrangement was made by which the claim for the future rent to the end of the term was adjusted. The surrender of the lease was in effect an agreement to accept that arrangement in lieu of the rent afterwards to become due. Now, it is well settled that where rent is specifically received for a subsequent period, the presumption is that the prior rent has been paid. (Decker v. Livingston, 15John., 479.) By the terms of the agreement of surrender the plaintiff was to have all the crops growing on the farm. These were to some extent the fruits of the cultivation of the premises during the time this rent accrued. It is somewhat improbable that such an agreement would have been made if the rent were left unpaid. But what is more important, the plaintiff agreed to pay the defendant $550 on the first of May following, less than one month from the time of the surrender, and he actually paid the money about the time agreed on. This payment was in consideration of the surrender and of the purchase of an equitable interest in another parcel of land. To my mind, it is in the highest degree improbable that this money would have been promised and paid to the full amount while there was a sum of $65 yet due from the plaintiff to the defendant for the rent of the same premises. The adjustment of that rent, which had become payable only the day before, was a subject so intimately connected with the terms of the surrender and with the extinguishment of the relation of landlord and tenant between the parties, that I think the jury might reasonably find that its satisfaction was parcel of the transaction. The presumption is about as strong as that which obtains where one gives another a promissory note; and there it has frequently been held that the fact furnishes prima facie
evidence that a simple contract debt, proved to have been antecedently owing by the payee to the maker, had been discharged. (Defreest v. Bloomingdale, 5 Denio, 304;Gould v. Chase, 16 John., 226.) The parol evidence in this case added something to the *Page 415 
presumption, though of itself it was not strong. The plaintiff, about the time of the transaction, had been heard to say that he had paid the defendant a sum of money to get rid of him. If the surrender and adjustment was made with a view to put an end to the relations which had existed between the parties, it is improbable that anything remained out of which a claim by one of them against the other, in respect to the same subject, could be made. If there was an unpaid half year's rent to be collected, the plaintiff could scarcely be said to be rid of the defendant. Upon the whole, although the papers executed did not establish a flat bar to the claim which the court could act upon as matter of law, they did, with the other facts proved, lay the foundation for a presumption of fact which the jury might consider.
The judgment should be affirmed.
COMSTOCK, J., dissented; JOHNSON and PAIGE, Js., doubted; all the other judges concurring,
Judgment affirmed.