Bradley, J.
The action was brought upon a promissory note made by tliedefendant; also to recover the amount alleged to be due him for money and notes received by the defendant from other parties to the plaintiff’s use, and for ■ goods and chattels alleged to have been sold' and delivered by the plaintiff to • the defendant. The latter put in issue some of the allegations of the complaint; alleged, by way of counter-claim, an indebtedness to him from the-plaintiff upon promissory notes, and for chattels sold and delivered; also for-moneys paid and services performed by him for the plaintiff. These matters - of alleged counter-claim were met by allegations of denial and payment in-reply. The referee found upon all the issues essential to his conclusion, and directed judgment against the defendant for $187.72. There was much conflict in the evidence of the respective parties, who were widely apart in their statements of the situation of their claims and accounts, each against tlieother. While the evidence on the part of the plaintiff tended to prove liability of the defendant to him for the amount so found by the referee, that on the • part of the .defendant, if taken as correct, would have required the direction in his favor of judgment in a still larger amount. The matter of the credi- • bility of the witnesses was peculiarly for the consideration of the referee, who - had at the trial means of determining that question which cannot be available on this review; and, so far as that question is concerned, we must treat his disposition of it as conclusive. The further inquiry arises whether - the evidence fairly supports the conclusion of the referee. He has found that • in February, 1881, the parties met and made a settlement, by which the-amount then due upon a note of $236, held by the defendant against the-plaintiff, was paid, and a small account which the plaintiff had against the-defendant was applied upon the note. The evidence on the part of the plaintiff tends to support that conclusion; and consistent with it is the fact that; the defendant then borrowed of the plaintiff $200, and gave him his note or due-bill for it. And the reason that the $236 note was not then delivered up is explained by the plaintiff’s evidence. In view of all the evidence upon the subject, we cannot say that the referee’s finding in that respect was not sup *715 ported. While it is true the evidence, as given, of the transaction, does not distinctly show the application of the plaintiff’s account against the defendant, there is evidence to the effect that when that account arose it was understood that the amount of it should be applied upon the note.
The plaintiff in June, 1883, purchased of the defendant a horse, for which he then gave his note for $150 to the defendant. It is contended that this furnished the presumption that there was then nothing due from the latter to the plaintiff. This would be so if there was no evidence to the contrary, or if it had not appeared for what the note was given. De Freest v. Bloomingdale, 5 Denio, 304; Lake v. Tysen, 6 N. Y. 461. But, as it did appear that the consideration of the note was the sale of the horse, there was no opportunity for the presumption that it was made to cover a balance then due from the plaintiff to the defendant upon settlement of their matters. There was also other evidence upon the subject tending to prove that certain alleged claims of the plaintiff against the defendant before then existing remained unpaid.
The plaintiff also gave evidence to the effect that, in the fall of 1883, he-paid to the wife of the defendant, at the place of residence of the latter, $50, to apply upon that note; that hp left it with her for that purpose. This is contradicted by the wife. The referee found the fact with the plaintiff; also-found that she had authority to receive it for her husband. The latter finding is challenged by the defendant’s counsel, but at an interview between the - parties evidence was given on the part of the plaintiff that he called the attention of the defendant to the fact that he had paid the $50 to his wife, and that, while the defendant did not admit it, he said if the plaintiff had done so-“it was all right.” This was a ratification of the act, if established, and, as-such, was evidence of her authority to receive for him the money. The claim of the defendant that he advanced for the plaintiff $42, to pay a note held against him by Frank Tummonds, was met by evidence of the plaintiff to the effect that he handed to the defendant the money to make the payment, if the referee was justified in adopting, as he did, such evidence, and disregarding that of the defendant to the contrary.
Without referring to any other matters in detail, it is sufficient to add that the evidence presented questions of fact, the determination of which was for the referee; and, in view of all the circumstances appearing, it cannot properly be held that his findings upon the disputed questions were so against the-weight of the evidence as to warrant the direction of a new trial. The rule is quite well settled that, upon a mere conflict of evidence, the findings of a referee are conclusive as to the facts which are put in dispute by it. ¡No-ether questions require consideration. The judgment should be affirmed..
All concur.