### HART *et al.* v. RILEY *et al.*

(*Supreme Court, General Term, Fifth Department.* October 23, 1890.)

FORECLOSURE OF MORTGAGE—ACCOUNTING.

> In an action to foreclose a mortgage where there was evidence of a careful computation of the amount due by the maker at the time the note secured by the mortgage was given, a finding by the referee that certain credits for payments made by the maker before that time were properly allowed will not be disturbed.

Appeal from judgment on report of referee.

Action by Henry F. Hart and others, executors, against George A. Riley, impleaded. From a judgment for plaintiffs, entered on the report of a referee, defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Mr. Durand,* for appellants.   *William E. Edmonds,* for respondents.

DWIGHT, P. J. The action was for the foreclosure of a mortgage of real estate made by the defendant Riley to one George D. Stilson. The bond was conditioned for the payment of $1,000, for money to that amount deposited by Stillson in bank for the benefit of Riley, and also for the payment of "all other indebtedness now due and unpaid, or which may hereafter be created and agreed to be paid," etc. The bond and mortgage were made in 1875. Among the items of indebtedness concededly secured by the mortgage was a promissory note made in 1868, and saved from the statute of limitations by an indorsement of moneys and a new promise made thereon in 1874. The only question in this case arises upon a plea of payment applicable to a portion of this note. In 1861, Riley sold a piece of real estate in Rochester to one Malloy, and gave him a contract for a deed, upon which quarterly payments were to be made by the purchaser. That contract, with its indorsements, was put in evidence by the defendant, and it appeared that several of the payments made thereon in 1863 and 1866 had been received by Stillson, and there was no direct evidence to show that he had ever accounted to Riley for the money so received. Of course the evidence of the receipt of these sums before the note was given was not admissible under a plea of payment; but objection to the sufficiency of the answer, in this respect, was expressly waived, and it thereupon became a question, merely, whether the giving of the note was presumptive evidence that any previous indebtedness of the payee to the maker had been paid or settled. It was, no doubt, *prima facie* evidence to that effect, though subject to explanation. *De Freest* v. *Bloomingdale*, 5 Denio, 304; *Lake* v. *Tysen*, 6 N. Y. 461. And what appeared on the face of the note in this case, so far from indicating the contrary, had the effect, we think, to strengthen the presumption of an accounting and settlement between the parties up to that time. The note was in the following terms: "ROCHESTER, May 15, 1868. Good to G. D. Stillson for four hundred twenty-three 80/100 dollars cash borrowed and received to-day and heretofore. [Signed] GEO. S. RILEY." And on the margin of the note was a computation by which the amount of the note was arrived at. In this computation there was first set down the sum of $150, from which the sum of $80 was deducted, and to the balance of $70 there were added three other sums, making up a total of $423.80, which was the amount of the note. No dates were attached to any of these items, but the credit of $80 corresponds in amount with the largest of the sums receipted for by Stillson on the back of the land contract. The remaining sums so receipted for, which, with the $80, are claimed as offsets to the note in question, amount to only $45, and the latest of them was received nearly two years before the date of the note. In the face of this evidence of a careful computation of debit and credit, by which the amount was arrived at for which the note should be given, there is no reasonable probability that any indebtedness from the payee of the note to the maker remained unaccounted for or unsettled at that time, and the finding of the referee to the contrary was well supported. The judgment must be affirmed, with costs. All concur.