JOHN WRIGHT, Respondent, *v.* WILLIAM WRIGHT, Appellant.

*The giving of a note is prima facie evidence of a settlement of accounts — what evidence is insufficient to rebut such presumption.*

The giving and acceptance of a note is *prima facie* evidence of the settlement of accounts between the parties at the time. The ordinary presumption is that the demands between the parties were then liquidated and that the note was given for the balance found to be due from the maker.

What evidence is insufficient in an action upon a note given by the defendant to the plaintiff to sustain the finding of a referee that certain sums were due by the defendant to the plaintiff for services rendered prior to the giving of the note.

APPEAL by the defendant, William Wright, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 5th day of June, 1893, upon the report of a referee.

*Keeler & Squires*, for the appellant.

*N. M. Claflin*, for the respondent.

HERRICK, J.:

This is an appeal from a judgment upon the report of a referee in favor of the plaintiff and against the defendant for the sum of $496.60 recovery, together with costs.

The plaintiff is the son of the defendant; he was born in 1849, and resided with his father, and whenever not engaged in temporary employment elsewhere he lived at his father's house and was treated in all respects as a member of the family until April, 1885.

In December, 1891, he commenced an action against his father, claiming that his father was indebted to him "for a balance of an open, mutual and current account for work, labor and services, goods, wares and merchandise, money loaned and paid, rent and use of property in the sum of $1,600."

A bill of particulars subsequently rendered sets forth various items to the amount of $1,664 and concludes with stating that "the defendant is entitled to credit for board, clothing, cash and other items, the particulars of which the plaintiff is not able to give."

The items in plaintiff's bill of particulars commence in the year 1877, and conclude in 1883.

Neither party to the action kept any account of any of the dealings between them. The plaintiff testifies that he did not keep any account, and that he never attempted to make up any statement until the year 1891; he testifies that he made up a bill of items about the 1st of January, 1890 or 1891.

"Up to that time I had not a memorandum of any one of these items; I made this bill with the assistance of my two sisters, Mrs. Tobin and Mrs. O'Hara; it was at my house; I did not depend entirely on them for the dates; I had nothing but my memory to assist me; they had talked with me that they had claims against my father, which they had sued or were going to sue; I understood that they were making out some accounts too."

The claim was disputed by the defendant, and there was a conflict of evidence in regard to it. The referee in his report allows the plaintiff for the following items:

| | | | |
|---|---|---|---|
| 1874. | 7 1-2 months' work at twenty dollars a month.... | $150 | 00 |
| 1877. | Balance due on horse trade agreed upon at....... | 15 | 00 |
| 1877. | 6,000 hoops made by defendant................ | 30 | 00 |
| 1879. | Heifer, chickens, turkeys and corn as agreed upon. | 10 | 00 |
| 1879. | Stack of hay, about two tons, at current prices.... | 10 | 00 |
| 1882. | April 26th. Note for cash loaned.............. | 100 | 00 |
| 1883. | Making 6,000 hoops........................ | 12 | 00 |

and he allowed interest to the plaintiff upon each of these items from the first of January of the year following that in which they are said to have been furnished or performed.

He finds that on the 26th of April, 1882, the defendant executed

and delivered to the plaintiff his promissory note for the sum of $100, at the same time paying to the plaintiff money claimed by the plaintiff to have been loaned by him to the. defendant, and at the time of the giving of said note by the defendant, the plaintiff did not let the defendant have any other money or thing therefor.

The giving of the note is *prima facie* evidence of an accounting and settlement of accounts between the parties at that time. (*Sherman* v. *McIntyre*, 7 Hun, 592; *Lake* v. *Tysen*, 6 N. Y. 461; approved, *Sheldon* v. *Sheldon*, 133 id. 1–6.)

The ordinary presumption is that the demands between the parties were then liquidated, and the note made for the balance found to be due from the maker. (*De Freest* v. *Bloomingdale*, 5 Den. 304.)

Of course, it is open to explanation that it was not given in settlement, but there is no satisfactory evidence presented in the case to rebut the *prima facie* evidence of the note itself; indeed, what evidence there is rather carries the impression with it that it was given in settlement than otherwise. The statement of both parties that no memoranda of the dealings between them was kept; the fact that the plaintiff was living at home, receiving assistance from his father; his statement in his bill of particulars that the defendant was entitled to credit for board, clothing, cash and other items, the particulars of which he is not able to give, and the statement by him in his evidence that he requested the defendant to settle with him and give him a note.

At the time of giving the note the defendant testifies that " John at that time was going to Watertown, and wanted to settle up, and I gave him this note; I gave him what I owed him, and this settled it all up, what I owed him; he gave me no money at that time; but I paid him $80 at that time; he was there three years before he came back."

It also appears in the case that subsequently to that time, commencing in the year 1887, the plaintiff hired a farm of the defendant at a stipulated rental, and from time to time made payments thereon, at no time apparently seeking to have credited upon his account for rent any balance claimed by him to have been due upon any old account.

These several facts, coupled with the direct testimony that I have quoted, support rather than negative the presumption that by the giv-

ing of the note there was a settlement and adjustment between the parties at that time, and that such note was given for the balance found due.

It was error, therefore, for the referee to allow the plaintiff for the several items of account prior to the giving of the note in 1882, and for that error judgment should be reversed.

Let judgment be reversed, the referee discharged, and a new trial granted, with costs to abide the event.

MAYHAM, P. J., concurred; PUTNAM, J., concurred in the result.

Judgment reversed, new trial granted, referee discharged, costs to abide the event.