[No. 19360.  Department Two.  November 23, 1925.]

MAYTOWN LUMBER COMPANY, INCORPORATED, et al.,
Respondents, v. MAYTOWN MILL COMPANY,
Appellant.[1]

LOGS AND LOGGING (3, 4)—CONTRACTS FOR CUTTING—SCALE—PER-
FORMANCE OF CONTRACT. The due performance of a contract to cut
and deliver logs is sufficiently established by evidence that the
logs and scale sheets were accepted from day to day and the product
disposed of without objection to the scale or attempt to apply the
contract remedy of arbitration, notwithstanding uncertain and im-
probable testimony of error in the scale.

EVIDENCE (227)—WEIGHT AND SUFFICIENCY—CREDIBILITY OF WIT-
NESSES. The jury is the sole judge of the credibility of the witnesses,
and if a witness testifies falsely as to any particular, they may
disregard all his evidence though uncontradicted except as cor-
roborated by other evidence.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered December 5, 1924,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action on contract. Affirmed.

W. H. Abel and Frank C. Owings, for appellant.
Vance & Christensen, for respondents.

TOLMAN, C. J.—There are involved here three causes
of action, upon which respondents, as plaintiffs, re-
covered below upon a verdict of the jury, followed by
a judgment from which the defendant has appealed.

All of these causes of action are based upon a written
contract which, among other things, provides:

"It is understood that payment for the logs is to
be at Aberdeen prices, less the freight; all the logs for
the first year to be scaled as No. 2 and No. 3; the
lumber company [respondent] to furnish scaler in
the woods, and should the scale be unsatisfactory the
trustees or the corporation, the vendee above men-

[1]Reported in 240 Pac. 902.

tioned [appellant], to furnish a scaler and these two scalers to select a third scaler who shall arbitrate any dispute that may arise and their arbitration to be final and binding upon both parties. The length of the logs is to be from 14 feet to 42 feet 6 inches and the lumber company agrees to cut as nearly as possible to lengths required by the mill, it being understood that the size of the logs is not to be less than 10 in. at the top."

The first cause of action alleged a breach of the contract by the failure to pay for logs delivered up to November 5, 1923, in the sum of $4,445.57; the second alleged a like breach in failing to pay for logs delivered up to and including December 15, 1923, in the sum of $335.43; and the third alleged a still further breach in failing to pay for logs delivered between January 16, 1924, and March 31, 1924, in the sum of $15,516.63. All of these breaches are denied by answer, except that it is admitted that logs of the value of $8,725.74 had been delivered and not paid for; and by way of counterclaim it was pleaded that respondents, with intent to cheat and defraud, misrepresented the terms of the contract to their scalers so that the logs were by such scalers wrongfully classified, to the damage of appellant in the sum of $15,000.36; and with like intent caused their scalers to show an over-delivery of something more than half a million feet of logs, of the value of $9,670.74. A general denial was pleaded to the counterclaim.

After a trial upon these issues, the jury returned special findings and a general verdict as follows:

"Special Findings

"Question I. State the amount of feet of logs, if any, delivered by plaintiffs to the defendant between January 1, 1923, and August 9, 1923, were classified as No. 2 that should have been classified as No. 3?
"Answer: None.

"Question II. Was there between January 1, 1923, and August 9, 1923, any excess of the scale for logs delivered by plaintiffs to the defendant during that period above the true scale of such logs?

"Answer: No. . . .

## "GENERAL VERDICT

"We, the jury duly impaneled and sworn to try the above entitled cause, find for plaintiff and assess their recovery in the sum of $14,758.61."

A motion for a new trial was denied, a judgment entered on the verdict, and this appeal followed. Errors are assigned upon the exclusion of testimony offered, the denial of the motion for a new trial, and the entry of the judgment.

The principal argument advanced is based upon the first special finding, and the testimony of a man who had been employed by respondents for a time as a scaler, to the effect that he was instructed to and did classify some logs as "No. 2" which should have been classified as "No. 3." That any such instructions had been given, was fully and clearly denied; but that the scaler had actually so misclassified, in the nature of the case, could be only circumstantially denied. In the light of the terms of the contract which we have already quoted, the acceptance of the logs and scale sheets, from day to day, the manufacture of all such logs into lumber, and the disposal of the product without any attempt to apply the remedy provided in the contract,—together with what the jury might consider to be the uncertainty and improbability of the testimony as to misclassification—we cannot say the jury was not justified in rejecting this testimony, though not directly and specifically denied.

Moreover, the amount of such misclassification, if any, was so uncertainly estimated by the witnesses as to form little, if any, basis for an allowance, and might

have been disregarded by the jury on that account alone. But still further, and as a conclusive answer to this contention, under the familiar instruction which is always given, the jury was the sole judge of the credibility of the witnesses; and, if satisfied that a witness had testified falsely in any particular, might disregard all of the testimony of such witness except as it was corroborated by other evidence in the case. The verdict here demonstrates that the jury found that this particular witness testified falsely in the matter of being instructed to misclassify; and having so found, the jury was privileged to reject his testimony to the effect that he did misclassify, since it was uncorroborated. The trial court, in passing upon the motion for a new trial, refused to interfere with the verdict, and we can find in the record no justification for our doing so.

Some of the offered testimony which was rejected might have been admissible but for the terms of the contract already set out; but when, as here, the parties have contracted to adopt a certain procedure in the event of dissatisfaction with the scale, and no attempt has been made to put that procedure into operation, we cannot conceive of evidence as to the character of the trees in the woods, or of the usual mill over-run, being helpful to the jury, or anything but confusing.

Finding no error, the judgment is affirmed.

MITCHELL, MACKINTOSH, PARKER, and MAIN, JJ., concur.