## JOHNS v. EDWARDS.

No. 16230—Opinion Filed March 23, 1926.

Rehearing Denied Nov. 16, 1926.

1. **Evidence—Presumption Unfavorable to Party Failing to Produce Evidence.**

When it lies within the power of a party to an action to produce evidence upon an issue and he fails, the presumption follows that the evidence, if produced, would be unfavorable to the cause of such party.

2. **Bills and Notes — Fraud in Procuring Note—Proof.**

In cases where fraud is alleged in the procuring of notes in the settlement of an account, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing presumptions. It should be of such weight and cogency as to satisfactorily establish the wrongful conduct charged; honesty and fair dealing, as a rule, being presumed. Elliott v. Merriman, 47 Okla. 717.

3. **Bills and Notes—Presumption of Settlement of Demands by Giving Note.**

The giving of a promissory note is prima facie evidence of an accounting and settlement of all demands between the parties and that the maker was indebted to the payee on such settlement to the amount of the note, and the maker cannot offset a claim against the payee alleged to have accrued before the making of the note without rebutting such presumption.

4. **Trial—When Demurrer to Defendant's Evidence Sustained.**

A demurrer to the defendant's evidence should be sustained when, taking the evidence as a whole, it would not support a judgment in favor of the defendant.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Grady County; Will Linn, Judge.

Action by Oscar Edwards against Ed F. Johns for recovery on two promissory notes. From judgment in favor of plaintiff, defendant brings error. Affirmed.

Chas. Hill Johns, for plaintiffs in error.

Bond, Melton & Melton and A. W. Gilliland, for defendant in error.

Opinion by PINKHAM, C. This action was instituted in the district court of Grady county, by Oscar Edwards, defendant in error, as plaintiff, against Ed F. Johns, plaintiff in error, as defendant, to recover the value of two certain promissory notes aggregating approximately $1,800 with interest, costs, and attorneys' fees. The parties will be referred to as they appeared in the trial court.

Defendant in his amended answer denied all of the allegations in plaintiff's petition contained, and for further and separate defense alleged that the notes sued on were secured through fraud and misrepresentation, and that by reason thereof he is entitled to certain credits pleaded in his amended answer.

Defendant further alleges that the said notes were executed without a sufficient and valid consideration.

Upon the trial of the cause the plaintiff introduced the notes in evidence, and at the close of defendant's evidence plaintiff's demurrer thereto, on the ground that defendant's evidence did not sustain any defense to plaintiff's cause of action, was, by the court, sustained, whereupon the court rendered judgment for the plaintiff for the amount sued for and discharged the jury from further consideration of the cause.

The defendant excepted to the judgment of the court in sustaining the demurrer to the defendant's evidence, and the cause comes regularly on appeal by the defendant to this court for review by petition in error and case-made attached.

For reversal of the judgment defendant assigns as error: First, the overruling of the motion of defendant for a new trial; second, error of the trial court in sustaining plaintiff's objection to certain evidence offered by defendant; and third, error of the trial court in sustaining plaintiff's demurrer to defendant's evidence.

The first proposition presented and discussed by counsel for defendant is that the court erred in sustaining objection to the introduction of certain checks executed by plaintiff on defendant's account to third persons.

It appears that the defendant was for many years engaged in the banking business, and he was also the owner of a certain ranch; the plaintiff was in defendant's employ for 12 or 15 years, and for a number of years was the foreman or general overseer of the said ranch, and plaintiff was authorized to draw checks on the defendant for labor and necessary expenses in operating the ranch property, and such checks were drawn from time to time. It further appears that after plaintiff had been in the employ of defendant for many years, and after defendant had disposed of his ranch, a final settlement was had and the notes involved in this action were executed by defendant. After suit was instituted to recover the value of the notes, defendant pleaded lack of consideration and fraud and misrepresentation in the procurement of the notes, and on the trial of the case offered in evidence for the purpose of establishing these allegations of his petition the checks in question.

These checks, it appears without dispute, had been issued pursuant to authority and were made payable to persons, principally farmers, living in the vicinity of and adjacent to the defendant's ranch. The defendant testified that he did not know for what purpose these checks were executed, but the record shows that he had these checks in his possession for more than a year prior to the time of his settlement with the plaintiff and the record fails to show that he ever asked the plaintiff, who, as before stated, had for years acted as the manager of his ranch with authority to execute checks on the defendant's account for whatever was necessary in the operation of the ranch, as to the purpose for which the checks were made, and the record is silent as to what, if any, effort the defendant made to ascertain from the persons to whom the checks were made for what purpose they were received by them.

"When it lies within the power of a party to an action to produce evidence upon on an issue and he fails, the presumption follows that the evidence, if produced, would be unfavorable to the cause of such party." Moore v. Adams, 26 Okla. 48, 108 Pac. 392.

There was no evidence offered in the case to prove fraud, except the checks in question. The defendant, who was the only witness in the case, did not claim that these checks, executed by his foreman, plaintiff herein, were not executed for legitimate expenses necessary to be made in the conduct of the defendant's ranch business. His testimony is simply that he did not know for what purposes they were executed.

In view of the facts and circumstances disclosed by the record, we think the checks were incompetent and inadmissible for the purpose of showing fraud and misrepresentation.

In the case of Elliott v. Merriman et al., 47 Okla. 717, 150 Pac. 695, the court held in the first paragraph of the syllabus:

"In cases where fraud is alleged in the procuring of the execution of written instruments or deeds, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing evidence and repel all opposing presumptions. It should be of such weight and cogency as to satisfactorily establish the wrongful conduct charged; honesty and fair dealing, as a rule, being presumed."

The only evidence offered to establish the allegations of defendant's amended answer to the effect that the notes were procured through fraud and misrepresentation was the checks in question, and in view of the testimony of the defendant that the plaintiff was authorized to draw checks for the purpose of paying labor and necessary expenses and do all that was necessary as his general overseer in carrying on the work of his ranch, the checks constituted presumptive evidence of honesty and fair dealing.

We find no evidence in the record to overcome this presumption.

In the case of Campbell Printing Press & Mfg. Co. v. Yorkston, 32 N. Y. Supp. 263, the court used the following language (pages 264, 265):

"The giving of a negotiable note by the defendant raised a presumption that a settlement had been had, and that the defendant was indebted to the plaintiff. In other words, the giving of a promissory note is prima facie evidence of an accounting and settlement of all demands between the parties, and that the maker was indebted to the payee upon such settlement to the amount of the note. Lake v. Tysen, 6 N. Y. 461; Wright v. Wright, 74 Hun. 138, 26 N. Y. Supp. 238. To overcome this presumption, a very clear preponderance of evidence is required."

Any legal evidence from which a jury may legitimately deduce the fact in issue is admissible, if, when taken with other evidence in the case, its relevancy appears. But evidence prima facie irrelevant should be rejected, unless the person offering it shows how it can be made relevant by connecting it with other facts and circumstances. 10 R. C. L. 927,

Numerous decisions of this court and of other jurisdictions are cited by defendant in his brief which announce the well-settled rule that under the issue of fraud the courts allow great latitude in the introduction of evidence, and usually any evidence which tends to prove or disprove the fraud alleged is admissible, circumstantial evidence being competent for such purpose. Hankins v. Farmers & Merchants Bank, 42 Okla. 330, 141 Pac. 272; 20 Cyc. 110. These cases have been examined, but we do not find them applicable either in point of law or fact to the evidence disclosed by the record in the instant case. The record discloses that these parties had a final and complete settlement, the result of which was that the defendant became liable to the plaintiff for plaintiff's services as an employee and manager of the defendant's ranch for a number of years in the sum of money evidenced by the notes in question.

The second proposition presented by defendant is that the court erred in sustaining plaintiff's demurrer to defendant's evidence. A number of decisions of this court are cited to the effect that a demurrer to the evidence not only admits the truth of the evidence of the demurree, but also all the facts which the evidence in any degree tends to prove, and is a waiver of all the evidence of the demurrant which conflicts with that of his adversary and of the inference from his own evidence, citing Sartain v. Walker, 60 Okla. 258, 159 Pac. 1096, and other cases of similar import.

These cases, we think, are not applicable to the facts disclosed by the record in the instant case. In the case of Pringey v. Guss, 16 Okla. 82, 86 Pac. 292, the court held:

"A demurrer to plaintiff's evidence should be sustained when, taking the evidence as a whole, it would not support a judgment in favor of such plaintiff."

We conclude from an examination of the entire record that the evidence of the defendant would not support a judgment in his favor, and that the trial court properly sustained the plaintiff's demurrer to the defendant's evidence.

It is further contended that under the allegation of mutual mistake of fact set up in his amended answer the testimony shows a mutual mistake of fact of some $320 in favor of defendant, and that under his allegation of fraudulent misrepresentations defendant's "Exhibit B" contains checks aggregating $100 drawn upon defendant's bank account payable to plaintiff and signed "Ed Johns, by Oscar Edwards," and that the testimony of defendant shows that he did not know for what purposes these checks were drawn.

An examination of defendant's amended

answer fails to disclose any allegation of a mutual mistake of fact in favor of the defendant. The defendant testified on direct examination that he had figured interest on the entire salary account of the plaintiff until the time of settlement; and further, that he had possession of the checks executed by the defendant, and if a mistake was made it is to be attributed solely to the defendant. The only allegation in the amended answer relied upon by defendant as an allegation of mutual mistake of fact is "that defendant, by reason of the failure of the plaintiff to allow a credit of interest on the said amounts paid plaintiff by defendant, is entitled to a credit in the sum of $320 which should be applied on the face of the two alleged promissory notes."

"Where a mistake is set up and relief is sought thereupon, it must be alleged that such mistake was mutual." 14 Enc. of Pl. & Prac. 44.

Where mistake is relied on, it must be distinctly charged and stated with precision and distinctly alleged that the mistake was common to both parties. Meek v. Hurst (Mo.) 122 S. W. 1022; Britton v. Metropolitan Life Ins. Co. (N. C.) 80 S. E. 1072.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. p. 111 §53; anno. 34 L. R. A. 581; 10 R. C. L. p. 884; 2 R. C. L. Supp. p. 1099; 4 R. C. L. Supp. p. 677; 5 R. C. L. Supp. 569. (2) 8 C. J. p. 1052 §1361; 22 C. J. p. 146 §82. (3) 30 Cyc. p. 1271; 10 R. C. L. p. 927; 2 R. C. L. Supp. p. 1110. (4) 38 Cyc. p. 1547.