## POTTS et al. v. FIRST NAT. BANK OF DURANT.

No. 19368.   Opinion Filed May 13, 1930.

Phillips, Boner & Phillips and J. R. Hannah, for plaintiffs in error.

Hatchett & Ferguson, for defendant in error.

TEEHEE, C. On March 9, 1927, defendant in error, the First National Bank of Durant, sued plaintiffs in error, E. F. Potts and Fannie E. Potts, to recover on their promissory note of $2,383.95, and to fore-

close a pledge of personalty given in security thereof. The instruments were dated December 23, 1926, and matured on February 1, 1927.

Plaintiff's petition was in the usual form in such cases.

Upon unsuccessful demurrer, defendants, by unverified answer, denied the execution of the instruments sued on, and further alleged matter in avoidance of the legal effect thereof if the same were executed and delivered to plaintiff, in that the same were procured on January 5, 1927, under circumstances constituting fraud, for that at that time the defendants, who were husband and wife, by reason of illness of the husband and anxiety thereover by the wife, were not in possession of their faculties sufficiently to understand the nature and effect of the instruments, and thereupon prayed cancellation thereof.

The cause proceeded to trial before a jury. At the conclusion of the hearing of the evidence of both parties, plaintiff demurred to defendants' evidence, and moved for an instructed verdict in its favor, which were by the court sustained and a directed verdict returned, whereon judgment for plaintiff in the amount sued for was rendered and the pledge ordered foreclosed.

Defendants' first complaint of the judgment goes to the action of the court in passing on the demurrer before they were permitted to present certain evidence which they announced at the close of their case would be introduced by a witness who had not yet appeared. Upon ruling on the demurrer, defendants made profert of this testimony, which, in effect, would have been cumulative of other evidence bearing on the physical and mental condition of defendant E. F. Potts on January 5, 1927, 13 days after the date of the instruments sued on. The court did not change its ruling.

It is conceded by defendants that the matter of reopening a case rests within the sound discretion of the trial court, and that refusal to do so is not reversible error unless such refusal constitutes abuse of discretion. In Home Insurance Co. v. Whitchurch, 139 Okla. 1, 281 Pac. 234, the rule is stated, to wit:

"A request to reopen a case for the introduction of additional evidence is addressed largely to the sound discretion of the court, and its ruling thereon will not be disturbed by the appellate court, unless it clearly appears that the trial court abused its discretion."

In this premise we think abuse of discretion is not shown.

Defendants next complain, to wit:

"That the court committed error in sustaining the demurrer to the defendants' evidence and by directing a verdict in favor of plaintiff for the reason that the facts were sufficient to submit the case to the jury."

Hereunder defendants urge that we are to be guided by the general rules that a demurrer to the evidence admits every fact which it tends or reasonably tends to establish, with all evidence favorable to demurrant as withdrawn, and that the court cannot weigh conflicting evidence.

In Yale Theatre Co. v. Majors & Scheer, 123 Okla. 124, 251 Pac. 1019, it was said:

"It is a general rule of long standing in this court that a demurrer to the evidence searches the record to determine the status of the pleadings, whether or not a cause of action has been stated, and the nature of the defense, if any, and upon whom is cast the burden of proof, as well as the sufficiency of the evidence contested by the demurrer."

Keeping in mind this rule, it is ascertained that plaintiff's cause of action is based on written instruments, copies being attached to the petition and made a part thereof, the execution of which was properly alleged. By their unverified answer, defendants admitted their execution of the instruments, notwithstanding their allegation of matter in avoidance of the legal effect thereof. Section 287, C. O. S. 1921; Commonwealth Nat. Bank v. Baughman, 27 Okla. 175, 111 Pac. 332; Spencer v. Turney, 5 Okla. 683, 49 Pac. 1012; 8 C. J. 924, section 1210. As indicated, the matters alleged in defense against the action raised the issue of fraud in the procurement of the instruments sued on.

In Bass Furniture & Carpet Co. v. Finley, 129 Okla. 40, 263 Pac. 130, it was held, to wit:

"In order to cancel a contract on the ground its execution was procured through fraud, the elements constituting the fraud must be clearly pleaded and proven, and the burden of proving fraud is on the party seeking to cancel or avoid the contract."

In Brown v. Harmon, 115 Okla. 277, 242 Pac. 1047, it was held, to wit:

"Where fraud is alleged in procuring the execution of a deed, the proof, to sustain the allegation, must be of such weight as to satisfactorily establish the wrongful conduct charged; honesty and fair dealing as a rule being presumed. A mere preponderance of evidence, which at the same time is vague and ambiguous, is not sufficient to warrant a finding of fraud, and will not sustain a judgment on such finding."

In Johns v. Edwards, 120 Okla. 85, 250 Pac. 1012, in paragraphs 2 and 4 of the syllabus, it was held, to wit:

"In cases where fraud is alleged in the procuring of notes in the settlement of an account, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing presumptions. It should be of such weight and cogency as to satisfactorily establish the wrongful conduct charged; honesty and fair dealing, as a rule, being presumed. * * *

"A demurrer to the defendant's evidence should be sustained when, taking the evidence as a whole, it would not support a judgment in favor of the defendant."

In Johnson v. State Bank of Commerce, 123 Okla. 127, 252 Pac. 59, the syllabus reads as follows:

"The question presented to the trial court on a motion to direct a verdict is whether, admitting all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict in favor of the party against whose evidence the demurrer is directed.

"The court should direct a verdict where a different verdict would be set aside as contrary to the evidence.

"Where there is no question of fact raised by the evidence of the defendant that could be properly submitted to a jury, it is not error to direct a verdict for plaintiff."

When the evidence in this case is tested by the foregoing rules of law, the conclusion that the court committed no error in sustaining plaintiff's demurrer and directing a verdict for plaintiff is inescapable.

Defendants' evidence in denial of the execution of the instruments at the date which they bore was practically no evidence at all. E. F. Potts denied the execution but admitted, in effect, that the signature thereto was his. Fannie E. Potts both denied and admitted the execution of the papers. Plaintiff's evidence showed that not only had the instruments been executed by defendants at the dates thereof, but also that, on January 5, 1927, the time defendants asserted the execution of some instruments, the same were then in the possession of the National Park Bank of New York upon rediscount transactions between the plaintiff and that bank. Evidence of execution, as already noted, could have been dispensed with in this case

142

for that defendants' answer of denial of execution was unverified, and their oral testimony of denial, even if that were not self-contradictory, could not change the physical facts.

There was no evidence whatever showing that at the date of these instruments neither of the defendants was not in the full possession of their faculties, and thus incompetent of entering into contractual relationships. In that relation, defendants' evidence only went to show that 13 days after the date of the instruments, defendant E. F. Potts was suffering from an illness which perhaps rendered him mentally incompetent, through physical weakness, of understanding business transactions, and that the defendant Fannie E. Potts was also in that mental state, due to worry over the condition of her husband, though we need not determine the matter. It may be remarked that, as a general rule, evidence of mental incompetency subsequent to the time of a particular challenged transaction is not admissible in the absence of evidence showing a previous state of mental disorder from which the inference of a continuance thereof to the time of the transaction would be strengthened, or showing the subsequent disorder to be of such a nature as to reach back beyond the time of the transaction involved.

These salient points of defendants' evidence with their details failed to measure up to that standard requisite to the establishment of the facts of fraud relied on by them to vitiate the transactions.

Two other contentions against the judgment are made by defendants which we regard to be without merit. The first relates to the action of the court in striking certain evidence from the record, which was to the effect that defendants did not owe the amount represented by their promissory note. The note itself was prima facie evidence of an accounting and settlement of all demands between the parties thereto, the history of which was shown by the record of the transactions had. Johns v. Edwards, supra. The evidence stricken could hardly be regarded as rising to the dignity of rebuttal of this prima facie proof. The next goes to the rejection of certain evidence offered showing the physical and mental condition of E. F. Potts on January 5, 1927. As already noted such evidence was without value in this case.

Taking the record, therefore, as a whole, it is clear that there was no sufficient evidence of facts essential to the defense relied on, and under the rules of test above cited, we are of the opinion that the court properly sustained plaintiff's demurrer and its motion for a directed verdict.

The judgment of the district court is affirmed.

BENNETT, REID, LEACH, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) anno. 33 L. R. A. (N. S.) 836; 12 R. C. L. p. 436, et seq.; R. C. L. Perm. Supp. p. 3122. See "Appeal and Error," 4 C. J. § 2788, p. 818, n. 79. "Bills and Notes," 8 C. J. § 1382, p. 1065, n. 8. "Contracts," 13 C. J. §979, p. 778, n. 19. "Pledges," 49 C. J. § 283, p. 1016, n. 41. "Trial," 38 Cyc. p. 1360, n. 51.