### STRICKER v. BILLINGSLEY.

No. 22474.   Oct. 2, 1934.

H. A. Grove, for plaintiff in error.

Art Stanton, for defendant in error.

PER CURIAM.   This action was commenced before a justice of the peace in the city of Tulsa. Originally the plaintiff was a corporation, to wit, the American Finance Company, in the bill of particulars alleged to be an Oklahoma corporation. W. O. Bill-

ingsley was the defendant. A change of venue was taken to the court of another justice of the peace, and thereupon the former justice of the peace appeared as defendant's attorney. There the plaintiff filed an amended bill of particulars. Katie Stricker, an individual, was substituted as plaintiff. The cause of action was changed from one upon a verified itemized open account to one upon a promissory note. The defendant made no objection and thereby waived any right to complain thereof. In the amended bill of particulars it was alleged that the note was originally made payable to the Harmony Music Company. In this pleading it is not alleged whether this company is a corporation, partnership, trust or sole trader. It was alleged "that said note was duly assigned to this plaintiff for a valuable consideration, before maturity and said plaintiff is now the owner of said note and entitled to the payment thereof," but there appears no allegation in plaintiff's amended pleading that the plaintiff made the purchase in due course or without notice of any infirmities. Upon trial had, judgment was there rendered in favor of the plaintiff and the defendant appealed to the court of common pleas. The defendant did not demur to the amended bill of particulars, but, in the court of common pleas, he filed an answer and cross-petition. Same contains a general denial and is verified, thus putting in issue the plaintiff's allegation that she was the purchaser and holder of this note. Therein the defendant further says "that said note is wholly and entirely without consideration; * * * was fraudulent in its inception for the reason that same was induced by coercion and fraud; * * * that the chattel," to wit. the radio for which the note was given in payment, "was and is of no value." It is further alleged that the Harmony Music Company agreed that if the radio "was not as represented that same would be made good or that another chattel would be supplied instead thereof that was good." A careful analysis of the bill of particulars discloses that it is not therein alleged that any representation concerning the chattel was made by the Harmony Music Company. It is not alleged that the Harmony Music Company acted in bad faith or without intention to make its promise good when it agreed and promised that it would furnish the defendant another radio if the first one was unsatisfactory. Defendant does not plead that he returned or offered to return the same. By way of cross-petition the defendant seeks damages, but he failed to recover thereon in the lower court and no question in relation thereto is involved in this appeal. For reply, the plaintiff filed a general denial. The case was tried to the court and jury. The verdict was for the defendant and judgment was rendered accordingly. Plaintiff has brought this case here by petition in error with case-made attached.

The plaintiff in error says that "the court erred in not sustaining plaintiff's objection to any testimony on behalf of the defendant." The defendant's answer contains no allegations of primary facts constituting coercion and so that designated portion of the answer fails. No representations on the part of the Harmony Music Company as to the quality of the radio sold are set out in the answer. The promise of the Harmony Music Company to furnish another radio if the one sold was unsatisfactory does not constitute actionable fraud, because it is not alleged in the answer that the promise was made in bad faith or without intention of making the promise good. Accordingly, the attempt to plead fraud is insufficient. While it is said in the answer that the radio furnished was of no value, it is also alleged that in consideration of the giving of this promissory note the Harmony Music Company promised to furnish the defendant another radio if the first one was unsatisfactory. This promise itself constitutes consideration, and therefore the defendant's attempt to plead want of consideration in the first instance is bad. However, it does appear from all the allegations of the answer that the radio furnished was of "no value," and that the Harmony Music Company had failed to furnish another as it had promised to do. Though not designated as such in the answer, we think the allegations of primary facts are sufficient to constitute a plea of a failure of consideration. We therefore think the court properly overruled the plaintiff's objection to the introduction of any testimony on behalf of the defendant. The verified general denial puts in issue the plaintiff's allegation that she had purchased and was the owner of the note, and to establish this fact, after defendant had made prima facie proof of failure of consideration, the burden rested upon the plaintiff.

In his opening statement to the jury the defendant admitted the execution of the note and assumed the burden of proceeding. During the course of the trial the defendant testified that he purchased a radio from the Harmony Music Company, making a small cash payment down thereon, and as consideration therefor he gave the note sued upon in this action. We think his testimony, together with the testimony of many other witnesses produced by the defendant, is

sufficient to justify the jury in finding that this radio was of no value whatsoever to anybody. The plaintiff offered no evidence whatsoever to rebut this testimony. Following this testimony defendant's counsel asked him, "Did you offer to give them that machine back?" To that question the defendant answered and said "Yes, sir, and let them keep my money. I told them to keep the $10 or else bring one that would work and I would pay for it." Thereupon defendant's counsel inquired, "Did they do that?" Plaintiff's counsel objected and the court sustained the objection for reasons not entirely clear. Supporting the argument under the assignment of error now being discussed, counsel for plaintiff refers to the case of Holcombe & Hoke Manufacturing Co. v. Jones, 102 Okla. 175, 228 P. 968. The rule in that case would require the defendant to return or offer to return the radio provided the same was "of value to him or the adverse party." From testimony in this case it appears that the radio was of no value to anybody, and therefore the rule is not applicable. Nevertheless, the defendant's testimony was to the effect that he offered not only to return the radio to the Harmony Music Company, but to permit it to keep the money he had already paid. This constitutes compliance with the rule. We are therefore of the opinion that not only did the answer state a defense, but that the evidence was sufficient upon the point in question to carry the case to the jury.

The plaintiff in error further complains "that the verdict is not sustained by sufficient evidence" and " is contrary to the instructions of the court." Supporting these assignments, counsel for plaintiff in error says:

"We respectfully submit the evidence introduced herein does not show an actual knowledge on part of plaintiff of any of the details or agreements of this transaction other than shown in the instrument assigned to her, and most certainly does not show a suspicion of any knowledge and bad faith on the part of plaintiff."

As here'nbefore stated, there appear in the amended bill of particulars no allegations that the plaintiff purchased and is a "holder in due course," or, in the language of sec. 11351, Okla. Stats. 1931, to the effect "that at the time it (the note) was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." Such is the requirement to be "a holder in due course," as prov'ded in the aforesaid section of our statutes.

The defendant having made prima facie proof of failure of consideration to support the note sued upon and the plaintiff having failed to plead that she was a "holder in due course," the defendant was entitled to rest and recover upon the evidence offered unless this evidence was rebutted. However, the defendant apparently was not conscious of this right. He treated the answer as sufficient to plead that the plaintiff was a holder in due course and without objection the court thus proceeded. Under such theory the burden reverted to the plaintiff to prove that she was an innocent holder of the note. In passing upon this assignment of error, it is necessary to review the evidence. The substituted plaintiff, Katie Stricker, of course, knew whether she had notice of the infirmities in the title to the note, but she did not take the stand in her own behalf. She produced only one witness, Mr. William H. Stricker, her son. His testimony is short and pointed. As to nearly all material matters it consists merely of statements of conclusions on the part of the witness in response to leading and suggestive questions, to none of which objection was made by counsel for the defendant. He stated that his mother is 59 years old and in the affirmative he answered counsel's suggestive question that "You are her agent in all matters?" He likewise answered in the affirmative counsel's leading question that "I will ask you if she is the owner of the notes in that contract there?" From this witness comes all the testimony in relation to the purchase of this note and any knowledge of the plaintiff or her agent relative to defects in the title thereto. All such other testimony, merely "yes and no" evidence, is as follows:

"Q. When did she purchase it, if she did purchase it? A. About the 22nd or 23rd day of July, 1929. Q. Did she pay a valuable consideration for it? A. She did. Q. She is now the holder and owner of it by indorsement, in due course? A. She is, yes, sir. Q. Do you know anything about this transaction, in any way, that has been testified to here? A. No, sir. * * * Q. Did you have anything to do with making the sale? A. I did not. * * * Q. Mr. Dinsmire is the man who sold this radio to Mr. Billingsley? A. Yes, sir. (Referring to the contract, note and mortgage) Q. That is his handwriting; he made the contract? A. Yes, sir. Q. Has the plaintiff here ever been notified of any defects in this instrument? A. No, sir."

No facts are disclosed from which it would appear that this witness necessarily knew whether the plaintiff herself in his absence might have obtained information concerning which the witness himself had no knowledge.

The witness stated that the Harmony Music Company is a "sole| trader," but the identity of that sole trader is not disclosed. He does not even negative the idea that the plaintiff, Katie Stricker, herself, here alleging that she is doing business and bringing this action in the name of a corporation, might not also be the sole trader doing business in the name of the Harmony Music Company, of which, as hereinafter shown, her son was in part manager while buying this note as agent for his own mother. The record does not disclose where or from whom the note was purchased, much less the name of the individual with whom plaintiff's agent dealt in making the purchase. As to whether payment was made in money or otherwise or the amount thereof, the record is silent. On cross-examination the witness William H. Stricker stated that he was a "salesman and buyer," doing "most of the buying and selling as a salesman" for the Harmony Music Company. As to whether he took any part in the management of the concern he said: "* * * I assist sometimes but I am not— that is not my business, no, sir."

The defendant testified in rebuttal. Referring to the contract, note, and mortgage, the defendant testified that the witness Stricker "wrote out a lot of stuff. I don't know, I cannot read very good, I ain't got much education, only just sign my name. He is the man that wrote out a lot of stuff and I signed it. He done that." Further testifying in this regard, the defendant said that he signed these papers before Mr. Stricker and that "he is the man that read them after he handed them to me and I signed them." Thus the defendant as a witness flatly contradicted some of the material statements made by the witness Stricker which might shed light on whether the plaintiff, Katie Stricker, was an innocent purchaser of the note sued upon. The witness Stricker was not corroborated by any other witness.

The pla·ntiff, having failed to sufficiently plead that she was a purchaser in due course, was not entitled to introduce any of the aforesaid evidence to that effect. However, the defendant made no objections thereto, and this court upon appeal will treat the amended bill of particulars as having been further amended to include that issue upon which evidence was thus received without objection.

We think it is elementary that when a jury is satisfied that any witness has willfully testified falsely in any material particular, it may disregard all of his testimony except such as may be corroborated by other credible evidence. See Maytown Lumber Company, Inc., v. Maytown Mill Co. (Wash.) 240 P. 902. In the case of Henry v. State, 6 Okla. Cr. 430, 119 P. 278, our own Criminal Court of Appeals approves and elucidates this rule, although it holds that a direct instruction to that effect on the part of the court would be invading the province of the jury. Upon the latter point we express no opinion here. The uncorroborated evidence of the plaintiff's only witness in this case being flatly contradicted by the defendant in his testimony, the jury, under the aforesaid rule, may rightfully have disregarded all such evidence to the effect that the plaintiff was an innocent purchaser.

Without apparent excuse the plaintiff herself failed to testify that she purchased this note without notice of any infirmities in the title. She is the one witness who knows absolutely. In Johns v. Edwards, 120 Okla. 85, 250 P. 1012, the court in section 1 of the syllabus said:·

"When it lies within the power of a party to an action to produce evidence upon an issue, and he fails, the presumption follows that the evidence, if produced, would be unfavorable to the cause of such party."

Support for this rule is found in Caldwell v. Stevens, 64 Okla. 287, 167 P. 610; also, see Thompson v. Coker, 112 Okla. 271, 241 P. 486. By the application of this rule, the jury's verdict finds further justification.

It is to be remembered that in the plaintiff's original bill of particulars she said, **under oath,** that the defendant owed her this money upon open account for merchandise sold to him by the American ·Finance Company, a corporation. In her amended bill of particulars she concluded that this company was not a corporation, but a sort of pseudonym in which she transacted business and that the defendant had purchased this merchandise from somebody else, and that she had bought a note evidencing the same. Considering that the plaintiff was so seriously mistaken in her first verified statement in relation to those things, the court feels even less justified in saying that the jury erred in rejecting the testimony and claims of the plaintiff that she was an innocent purchaser of the note.

Plaintiff in error complains that there is no evidence showing an actual knowledge on the part of the plaintiff of any of the infirmities in the title to this note. To sustain the verdict it is not necessary that any appear. The failure on the part of the plaintiff to support the claim of an innocent purchaser by sufficient evidence will support the verdict of the jury in favor of the defendant.

Section 11358, Okla. Stats. 1931, places this burden upon the plaintiff after prima facie proof of failure of consideration had been made by the defendant.

The plaintiff saved no exceptions to the court's instruction, but complains that the verdict is contrary to those instructions. This assignment of error is sufficiently answered by the foregoing discussion of the case.

The record is so replete with errors, irregularities, omissions, and actions amounting to implied waivers of the rights of the parties that it has been somewhat difficult to proceed clearly to a logical conclusion. However, after a rather exhaustive study of the entire record, we are decidedly of the opinion that there appear in the record no errors prejudicial to the plaintiff and excepted to by her which have prejudiced the rights of the plaintiff, and we believe that the verdict of the jury is amply sustained by the law and the evidence. The judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. D. Lydick, V. E. McInnis, and John W. Hayson 'n the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Lydick and approved by Mr. McInnis and Mr. Hayson, the cause was assigned to a Justice of this court for exmination and report to the court. Thereafter, upon consideration, this opinion was adopted.