## WEST v. WEST.

### No. 34969.

Supreme Court of Oklahoma.

March 16, 1954.

Wilson & Wilson, Frederick, for plaintiff in error.

Roe & Roe, Frederick, for defendant in error.

PER CURIAM.

Opal West, defendant in error, sued I. J. West for divorce, custody of three children, child support and property division. Plaintiff in error cross-petitioned for divorce, property division and divided custody of the children. The parties will be referred to as they appeared in the trial court.

The parties had been married approximately fifteen years. The family included a twelve year old son, and two daughters, aged nine and five years respectively. Except for approximately $1,000 inherited by defendant from his father and used in the purchase of an undivided one-half interest in 240 acres of Texas lands, the entire estate

may be said to have been jointly acquired during marriage. The Texas lands were subject to a mortgage balance of $1,970, and the homestead of the family, approximately 80 acres in Tillman County, Oklahoma, was subject to a mortgage balance of $4,750.

The trial court denied relief under the husband's cross-petition; granted divorce on the petition of the plaintiff wife; awarded custody of the two younger children to their mother; custody of the boy to defendant; ordered defendant, until the further order of the court, to pay $30 per month as child support for the two younger children; approved and confirmed a written agreement between the parties dividing some of the personal property; divided the real and other personal property between the parties, and, except as to the balances due under mortgages against properties awarded to the wife, ordered defendant to pay the family debts.

Defendant husband appealed contending: First, that the division of jointly acquired property was inequitable because it awarded the wife approximately two-thirds of the net value; second, that $30 per month child support for the two girls, although not unreasonable in itself, is inequitable because of the property division, and third, that it was inequitable to require plaintiff to pay a large number of family debts accumulated by the parties. Neither side has appealed from that part of the decree granting the divorce or awarding the wife custody of the two girls and the husband custody of the boy. Plaintiff wife denies that the property division was inequitable but contends that if the share awarded to the wife is excessive that this court should consider such excess as alimony (none having been allowed), or as additional child support. Without cross-appeal the wife asks this court to double the amount allowed for the support of the two girls. We shall discuss the issues in the order stated.

█ When a court grants a divorce the property jointly acquired during marriage must be divided. The principles controlling the court's discretion in dividing jointly acquired property have been repeatedly discussed. Tobin v. Tobin, 89 Okl. 12, 213 P.

884; Kunc v. Kunc, 186 Okl. 297, 97 P.2d 771. See also Hill v. Hill, 197 Okl. 697, 174 P.2d 232, 234, in which the defendant husband appealed solely on the ground of improper division of the property. This court said in part:

"The duty of the court in making division of property jointly acquired during marriage involves primarily merely the determination on equitable grounds of the extent of the right of each therein in view of their respective conduct and efforts as the conducive or contributing factors. Hence the question of need affords no criterion and the matter of personal conduct is material only to the extent it may reflect the existence or nonexistence of that endeavor which contributed to the creation of the estate. This conclusion is stated in Tobin v. Tobin, supra, as follows: 'This division of the section contemplates and requires that whether the divorce is granted to the husband or the wife, the property jointly acquired by them during the marriage, whether it be in the name of the husband or the wife or both, shall be divided between them in a manner just and reasonable, taking into consideration all the facts and circumstances surrounding the life of the parties, and the efforts of each to accumulate the same.'"

█ Apart from his second contention that the child support allowed by the trial court makes the property division excessive and inequitable, defendant's complaint as to the property division is submitted as if the reasonableness of the division were to be determined solely on the basis of real property. It is argued that the personal property assigned to defendant husband was substantially balanced by the amount of debts he was required to pay. It is his complaint that the real property awarded to plaintiff is worth twice as much as the real property awarded to defendant. The only testimony on which defendant relies is the statement of plaintiff that the home farm "is worth twice as much" as the Texas lands. It appears, however, that the home place was

subject to an indebtedness of $4,750 and the Texas lands were subject to an indebtedness of $1,970 of which, perhaps, defendant is liable for only one-half. The annual return from the crops produced on each place is about the same. In his answer and cross-petition, defendant alleges that, if due recognition is given to the amount of the mortgages against the parcels of real property and that defendant invested in the Texas lands approximately $1,000, not to be deemed jointly accumulated property, then the values would be equalized. Suffice it to say that the statute does not require that the division of jointly acquired property be equal; that the trial court has a wide latitude of discretion in making a division; that the division made by the trial court will not be vacated by this court unless clearly against the weight of the evidence; that this court has considered all of the evidence as to the net value of both parcels of real estate and we do not find that the division made by the trial court is clearly against the weight of the evidence.

In Turlington v. Turlington, 193 Okl. 421, 144 P.2d 957, 959, this Court said:

"This court is committed to the rule that an action such as the one at bar is one of equitable cognizance. Gray v. Gray, 89 Okl. 237, 215 P. 208; Chamberlain v. Chamberlain [121 Okl. 145, 247 P. 684]; Carter v. Carter, supra, [181 Okl. 204, 73 P.2d 404]; Nelson v. Nelson, 175 Okl. 275, 52 P.2d 786. The rule applicable in such situation is that this court will accord great weight to the findings of the trial court (Moorman v. Pettit, 119 Okl. 22, 248 P. 838) and the judgment will not be disturbed unless it appears to be clearly contrary to the weight of the evidence. Deister v. Higdon, 189 Okl. 605, 119 P.2d 54; Cordilla v. Taylor, 181 Okl. 20, 72 P.2d 375; Carter v. Carter, supra."

See also Scott v. Scott, 203 Okl. 60, 218 P.2d 373, and Tschauner v. Tschauner, 206 Okl. 586, 245 P.2d 448.

We cannot say that the judgment dividing the jointly acquired property is clearly contrary to the weight of the evidence as to the value of the different items or the rights of the parties therein. But defendant contends that the decree requiring him to contribute $30 per month child support for the two girls is inequitable because the wife received more than her equitable share of the property. Certainly defendant husband does not argue that $30 per month is an excessive amount for the support of these children under present living costs in the State of Oklahoma. He submits the proposition that the amount should be reduced, not because it is an excessive allowance in itself, but rather that it becomes excessive because of the property division. Before passing on the merits of this contention it is well to keep in mind the distinction between the factors governing and controlling property division on the one hand, and, on the other, the circumstances to be considered in requiring a husband to support children in the custody of the wife. The decree as to property division is a final judgment. As pointed out in the cases cited above the property division need not be equal and is not based on the needs of either party. Hill v. Hill, 197 Okl. 697, 174 P.2d 232. On the other hand, the decree for child support is not a final judgment. It remains in the continuing jurisdiction of the trial court during the minority of the children. It may be modified either before or after final judgment. 12 O.S.1951 § 1277. Unlike the decree for property division the amount of a child support award is based on need. The welfare of the children is the controlling factor. The court will, of course, take into consideration the amount of the father's property and this will include the property awarded to him under the property division. But the father's property and his earning capacity, the mother's property and her financial capacity, and the needs of the children must all be considered in determining the nature and extent of the duty of both parents. Considering the needs of the daughters and the nature and extent of the father's property and his apparent earning capacity, as well as the mother's property and financial capacity, there is nothing in

the record to indicate that the trial court abused its discretion in the child support allowed.

 The contention of the plaintiff wife that the amount of the child support should be doubled might perhaps be disregarded because of her failure to file any cross-appeal. Suffice it to say that the trial court had the benefit of the personal appearance of the parties and there is nothing in the record presented by either party to show that the trial judge abused his discretion in the matter. In any event the amount of child support will remain in the continuing jurisdiction of the trial court, to modify, increase or decrease the amount of support to be contributed by the father in accordance with the principles governing the allowance of child support.

The next point urged by defendant is that the imposition upon defendant of the payment of all debts of the parties other than those secured by mortgages on property awarded to the wife was an abuse of discretion on the part of the court and inequitable.

As to the amount of debts charged to defendant and payment thereof, it appears that, at about the time when the divorce action was filed, defendant received $663, for his share of some custom combine work, and $2,000, borrowed from a bank under a stipulation to enable him to pay certain expenses incident to the divorce action. Defendant listed numerous debts in his answer, and testified the list was approximately correct. How many, if any, of these accounts had been paid at the time of trial was a matter exclusively in the knowledge of defendant. His testimony was reluctant and evasive, as shown by the following, quoted from the record:

"Q. I asked what was done with the $2,000.00 and the $663.00? A. That's my business what I done with the $663.00.

"Q. No it isn't.

"By the Court: Answer the question.

"A. I spent it.

"Q. For what? A. That belongs to me. The $2,000.00 I applied it all on debts.

"Q. I asked for an answer on this $663.00; that is joint property of your marriage? A. Part of it went on debts and I spent the rest to live on."

There is other testimony that defendant had paid debts and some living expenses and "* * * there would be a little left." It further appears from the journal entry of judgment that after the conclusion of the oral testimony, defendant was to submit to the court "written evidence of certain indebtedness of the parties". From the record it may be inferred that this included certain cancelled checks and that the written evidence was presented to the trial court and considered by the Judge in rendering the decree. There is nothing in the record before us, however, to show what these items may have been.

Defendant apparently concedes the power of the court to require him to pay these debts as part of its statutory duty to effect a fair and just division of the property. Defendant contends only that in so doing the trial court abused its discretion, but there is no competent evidence in the record to establish such conclusion. The court did award to defendant 68 acres of cotton, 20 or 45 acres of wheat, neither quantity nor value appearing; one-half interest in an airplane of unknown value; the entire interest in 4 or 5 head of cattle and substantial motorized farm machinery, equipment and implements, value of all of which was known to defendant; all or half of $1,630 proceeds of the wheat crop on the Texas lands, together with all cash on hand and in bank in an amount which defendant failed to disclose.

 Defendant's argument that the amount of debts was substantially equivalent to the value of the foregoing personal property is supported only by an answer to a question as to what the "liquid assets" would have brought at a forced sale. It is not at all clear what should be comprehended in the term "liquid assets", nor is any authority submitted that the measure of the fair value of the property is to be determined by what it would bring at a forced sale. Defendant alone knew what debts had been paid and what debts still re-

mained. Defendant alone know the value of the crops. In Stricker v. Billingsley, 169 Okl. 145, 36 P.2d 474, 477, we quoted with approval Sec. 1 of the Syllabi in Johns v. Edwards, 120 Okl. 85, 250 P. 1012, which is as follows:

"'When it lies within the power of a party to an action to produce evidence upon an issue and he fails, the presumption follows that the evidence, if produced, would be unfavorable to the cause of such party.'"

Defendant's failure to produce definite and accurate figures on these items, which were exclusively within his knowledge, raises the presumption that the evidence, if introduced, would have been adverse to his contention that he should not be required to pay the debts.

 Absent record proof of the actual amount of all of these unpaid debts, or other proof as to net values of money and property assigned to defendant, we cannot say that the judgment of the trial court in imposing on defendant the duty to pay these debts was clearly contrary to the weight of the evidence. As said in Nelson v. Nelson, 175 Okl. 275, 52 P.2d 786, 789, and followed in many other cases:

"This court will not reverse the decree of the trial court dividing jointly acquired property unless same is contrary to the clear weight of evidence."

The decree provides an alternative that upon the failure of either party to execute the necessary deeds or other instruments to carry out the property division, the decree itself shall operate as such conveyance. A divorce decree in one state cannot operate directly to pass title to lands in another state, nor is it res judicata as to the rights of the parties in the courts of such other state. Sharp v. Sharp, 65 Okl. 76, 166 P. 175, L.R.A.1917F, 562.

 Clearly, defendant is entitled to the deeds and other instruments necessary to divest plaintiff of any interest in the Texas lands. The decree itself could not have this effect, and the insertion therein of such alternative to the order requiring execution of such deed leaves defendant powerless to compel execution of such instrument by contempt proceedings. The decree should therefore be, and is hereby, modified by striking therefrom the alternative mentioned, and in lieu thereof, the effectiveness of the property division is conditioned upon the execution and tender by plaintiff into court of the required conveyance of the Texas lands, within such reasonable time as the trial court may prescribe. As so modified, the judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.

This court acknowledges the services of Attorneys Remington Rogers, Felix Bodovitz and Jack L. Langford, who as special masters aided in the preparation of this opinion. The attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.