## WILLETT *et al.* v. BLAKE *et al.*

No. 2916.   Opinion Filed September 2, 1913.

(134 Pac. 1109.)

1. **APPEAL AND ERROR—Presentation for Review—Motion to Set Aside Judgment.**  Where a motion is made to set aside a judgment on the grounds that it was obtained on a defective publication service, and upon a petition that failed to state a cause of action, the judgment of the trial court, overruling such motion, will not be disturbed where the record fails to show whether the service was personal or by publication, and fails to show what were the allegations contained in the petition.

2. **PROCESS—Service by Publication.**  Where plaintiff has a cause of action against a nonresident defendant on whom personal service of summons cannot be had within the state, but who has property within the state and within the jurisdiction of the court, service may be had upon such defendant by due and proper publication.  And where made in compliance with sections 5613-5615, Comp. Laws 1909 (Rev. Laws 1910, secs. 4723-4725), such service is valid.

3. **APPEARANCE—General Appearance—What Constitutes.**  Where a party against whom judgment has been rendered appears and moves to set aside such judgment on the grounds that the court had no jurisdiction; that the petition failed to state a cause of action; that defendants had not been personally served with summons; that the service was had by publication, and was defective; and that the action was not a proper one for service by publication—such motion, by invoking the judgment of the court on the merits of the petition, constitutes a general appearance and waiver of jurisdiction, and binds the movants to the judgment.  Following the rule in **Ziska v. Avey**, 36 Okla. 405, 122 Pac. 722.

4. **JUDGMENT—Right to Set Aside—Waiver.**  Where parties have made a general appearance in an action wherein judgment has been rendered against them, and subsequently file a motion to set aside such judgment and ask to be allowed to come in and defend upon the grounds provided for in section 5617, Comp. Laws 1909 (Rev. Laws 1910, sec. 4728), such motion is properly overruled on the ground that movants had previously made general appearance in the action and were bound by the judgment.

(Syllabus by Harrison, C.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by E. P. Blake and another against Maude Willett, George R. Willett, and another. Judgment for plaintiffs, and the defendants named bring error. Affirmed.

*R. L. Holmes, Chas. G. Yankey,* and *Frank G. Walling,* for plaintiffs in error.

*D. S. Rose,* for defendants in error.

Opinion by HARRISON, C. This action grew out of a suit by C. G. Linberry against E. P. Blake and Maude Willett and George R. Willett. The Willetts had obtained a loan of $2,750 from E. P. Blake, and had given him their note secured by a mortgage on certain real estate. Blake indorsed and sold the note to Linberry. When it became due the Willetts failed to meet it, and Linberry sued the Willetts as principles and Blake as indorser, and obtained a first or primary judgment against the Willetts, and secondary judgment against Blake for the face of the note and interest and decree of foreclosure of the mortgage. The real estate was sold to satisfy the judgment, but failed to sell for enough to satisfy it, leaving a deficiency or balance due of $1,272.42. Execution was issued against the Willetts and Blake for the deficiency. There being no property found belonging to the Willetts, Blake brought this action against the Willetts to protect himself against the amount for which he was liable under said judgment. Learning that the books of the Blackwell Oil Company, a domestic corporation whose principal office and books were maintained in the city of Blackwell, showed that the said Willetts owned certain shares of stock in said oil company to the amount of $25,000, the oil company was made a party to the suit and asked to disclose the nature and extent of the stock owned in said company by the Willetts. The books of the company disclosed that Maude Willett owned stock of the face value of $25,000. Thereupon Blake obtained judgment and had said stock sold to satisfy the unpaid balance due on the Linberry judgment. After the stock had been sold, the sale confirmed, and the proceeds applied in satisfaction of the same, the Willetts appeared and moved to vacate and set aside the judgment upon five grounds, to wit:

First, the court had no jurisdiction over defendants; second, that the petition failed to state facts sufficient to constitute a cause of action or to give the court jurisdiction; third, because defendants had not been personally served with summons; fourth, because no proper affidavit had been filed for service by publication; fifth, that the action was not a proper action for service by publication. This motion was filed February 4, 1910, and on March 8, 1910, was overruled by the court. Thereafter, on April 1, 1910, they filed a second motion to set aside the judgment upon the grounds provided for in section 5617, Comp. Laws 1909 (Rev. Laws 1910, sec. 4728), which gives a party, against whom a judgment or order has been rendered on service by publication in a newspaper, the right, at any time within three years after the judgment, to have the same opened and be let in to defend. In form this motion was in substantial compliance with the requirements of section 5617, *supra.* Upon the filing of same by the Willetts, Blake filed a motion to strike it from the files on the ground that in their former motion defendants had made a general appearance, and had yielded to the jurisdiction of the court, and that thereafter they were concluded of their rights under section 5617, *supra,* of the statutes. Thereafter, on September 22, 1910, the plaintiff's motion was sustained, and the application of the defendants Willetts to reopen the judgment was struck from the files, and from the order overruling the first motion to vacate the judgment, and from the order striking from the files the motion made under section 5617, *supra,* to open said judgment, the defendants Maude and George R. Willett appeal upon three propositions: That the court erred in overruling the first motion to vacate the judgment, erred in overruling second motion to open judgment, and erred in striking said motion from the files.

The contention that the court erred in overruling the first motion to set aside the judgment cannot be sustained. While the motion in question seems to have been directed against the judgment in the case of Linberry against Willetts and Blake, yet it was filed and numbered in the case of Blake against Willetts and Blackwell Oil Company. And without passing upon

the question whether the Linberry judgment could be attacked by motion filed in the case at bar, the record does not disclose what kind of service was had in the Linberry case, nor what the allegations of the petition were in said case. Hence we cannot say whether the service therein was personal or by publication, or whether a cause of action was stated in the petition, or whether the judgment was valid, but the presumption of law is in favor of the validity of the judgment; and, in the absence of proper showing, the order of the trial court in overruling the motion, in so far as it may have been directed against the Linberry judgment, is sustained. And on the other hand, if it be treated as a motion to set aside the judgment in the case at bar, we are still unable to say that the trial court erred in overruling the motion, as the case was a proper one for service by publication, and we think the statutes governing in such cases were substantially complied with by plaintiff below in obtaining such service.

The defendants were nonresidents of the state. They had property within the state situated within the county in which the action was brought. Blake had a cause of action against them; and, having filed proper affidavit for service by publication, and having obtained an order for such service, and such service having been made by due and proper publication, proof of which having been properly made, the court had jurisdiction in the premises.

Section 5587, Comp. Laws 1909 (Rev. Laws 1910, sec. 4678), reads as follows:

"In addition to the other counties in which an action may be brought against a nonresident of this state, or a foreign corporation, such action may be brought in any county in which there may be property of, or debts owing to such defendant, or where such defendant may be found; if such defendant be a foreign insurance company the action may be brought in any county where such cause of action, or any part thereof, arose, or where the plaintiff resides or where such company has an agent." (Sess. Laws 1907-8, p. 592.)

Section 5612, Comp. Laws 1909 (Rev. Laws 1910, sec. 4722), provides:

"Service may be made by publication in either of the following cases: * * * In actions brought against a nonresident of the state, or a foreign corporation, having in this state property or debts owing them, sought to be taken by any of the provisional remedies, or · by appropriation in any way. * * *" (St. Okla. 1893, 3950.)

Thus it clearly appears from the foregoing statutes that the court had jurisdiction, and that the action was one in which service by publication could be properly made. We have ·examined the affidavit for service by publication, the notice, and proof of publication, and find that they were in substantial compliance with sections 5613, 5614, and 5615, Comp. Laws 1909 (Rev. Laws, secs. 4723, 4724, and 4725). We have also examined the plaintiff's petition in this action, and find that it states a cause of action. At least the allegations therein are sufficient to render the petition good against a general demurrer. Hence there was no error in overruling the first motion to vacate and set aside the judgment.

The second and third propositions will be considered together. Plaintiffs in error have cited a number of authorities in support of the contention that, service having been made by publication, and the motion having been filed within the statutory period, the judgment should have been reopened and the plaintiffs let in to defend. But in none of the authorities cited had there been any previous motion made which amounted to a general appearance. The statute itself would constitute sufficient authority to support their contention but for the fact that plaintiffs in error had previously made a general · appearance by their first motion, and by such appearance had bound themselves by the judgment. This question was .decided in the case of *Ziska v. Avey, supra,* wherein a motion, presenting the identical questions presented by the first motion herein, was considered by this court, and after citing a number of cases from the Supreme Court of Kansas, and from other jurisdictions wherein the same question had been decided, held that the movants, although they had called their appearance a special appearance, yet by invoking the judgment of the court to pass upon the sufficiency of the petition they had made a general

appearance, and were bound by the judgment. Among the numerous authorities cited in the opinion in *Ziska v. Avey, supra,* the court quotes from *Kaw Valley Life Association v. Lemke,* 40 Kan. 142, 19 Pac. 337, as follows:

"But as the question of service is not an important one as we view it, we will not decide this question; for, whatever the service was, it was cured by the appearance of the defendants after the judgment was rendered in the cause. By their motion to set aside the judgment, said motion being upon jurisdictional as well as nonjurisdictional grounds, they waived the question of jurisdiction, and made the defendants parties to the action; and this waiver binds them to that judgment as though they had originally appeared at the trial."

There the motion to vacate and set aside the judgment was predicated upon three grounds: First, that defendant had not been served with a summons as provided by law; second, that the plaintiff's petition did not state facts sufficient to constitute a cause of action against defendants; and, third, that the judgment was rendered against them not as sureties but as principals. In passing upon the sufficiency of the petition the court held it to be good, and said:

"This we think was a good petition, even if it had been challenged by demurrer, and it will not now be scrutinized with the same care that it would have been had it been attacked before judgment."

In the former motion plaintiffs in error raised the question of the sufficiency of the petition, thereby invoking the jurisdiction of the court on the merits. This was a general appearance, and bound them to the judgment. The doctrine that an appearance upon jurisdictional as well as nonjurisdictional grounds constitutes a general appearance, and binds the party to the judgment, is well settled in this state, and in the state of Kansas, from which we take our Code of Civil Procedure. See *Ziska v. Avey, supra,* and authorities therein cited. Hence there was no error in overruling the second motion to reopen the judgment.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.