## SIMPSON v. ELSING.

No. 22633. Oct. 30, 1934.

Fuller, Porter & Fuller and Marvin T. Johnson, for plaintiff in error.

Carl C. Monk, W. J. Counts, and J. H. Gordon, for defendant in error.

PER CURIAM. The parties will be referred to as plaintiff and defendant, as they appear in the trial court.

On the 1st day of September, 1928, John Elsing, as plaintiff, instituted suit in the district court of Pittsburg county, Okla., against J. R. Simpson and W. G. Holleman, as defendants, to recover $16,000, damages growing out of a real estate transaction. The petition, as originally drafted, was in two counts. A summons was issued and directed to the sheriff of Tulsa county for service upon the defendant Simpson and service made upon him in that county. Summons was duly issued to the sheriff of Pittsburg county and served·upon the defendant Holleman in that county.

On the 1st day of October, 1928, the defendant Simpson appeared generally and filed a motion to strike exhibits "B" and "C" attached to and made a part of the petition, and in his motion alleges that the exhibits "form no part of plaintiff's cause of action." On October 8th, for answer to the petition of the plaintiff, the defendant Holleman filed a general denial. On the 19th day of January, 1929, the motion of Simpson was presented to the court and overruled, and he took five days within which to plead or ten days to answer. On January 24, 1929, Simpson filed a general demurrer to count 2 in the plaintiff's petition, and on the same day he filed a special demurrer to the petition of the plaintiff. Thereafter, on the 9th day of March, and while the general and special demurrers were pending, the plaintiff obtained leave of court to and did file an amended petition.

On the 2nd day of May the defendants filed their joint motion to make the amended petition more definite and certain, and while the same was pending, the plaintiff, on the 30th day of September, obtained leave of court to and did file his second amended petition. On the 21st day of October the defendants filed their joint motion to make the second amended petition more definite and certain, which was in part sustained by the trial court.

The plaintiff failed to file his third amended petition within the time allowed by order of the court, and on the 16th day of July, 1930, the defendants filed their joint motion to dismiss the case for the reason that the plaintiff had failed to comply with the order of the court. The motion to dismiss was denied, and the plaintiff then filed his third amended petition, setting up three causes of action against the defendants.

The third amended petition is rather voluminous, and among other things alleges:

"That the plaintiff, Elsing, and the defendant Holleman, are residents of Pittsburg county and the defendant Simpson is a resident of Tulsa county, Okla.; that the plaintiff, Elsing, purchased from the defendant Simpson lot 28 in block 27, Seminole, Okla., on or about the 14th day of December, 1926, and paid therefor the sum of $6,000; that the defendant Holleman was at all times acting as the agent of Simpson in negotiating a sale of said property to the plaintiff, Elsing.

"That the plaintiff was ignorant of the boundary lines of said lot and relied wholly upon the statements of both defendants as to said boundary lines. The defendants then and there represented to the plaintiff that the buildings upon said lot consisted of a store building, the residence, and the barber shop, and stated that all of said buildings were within the boundary lines of said lot; that the property line of said lot extended beyond the store buildings a distance of six feet in width and extending 150 feet in length; and as an inducement to plaintiff to purchase said property they told him that the barber shop was of great value and easily rented and was then bringing a rental of $25 per month, and that if plaintiff purchased said property the defendant would put him in peaceable possession thereof on or before the 1st day of July, 1927, and that until that date plaintiff would receive the rents upon said lot.

"Plaintiff says that the representations so made were false and fraudulent and made with intent to deceive and defraud the plaintiff and to induce him to purchase said lot * * * relying upon said representations made by the defendants the plaintiff did then and there, * * *" purchase said lot and pay $6,000 therefor—

"That plaintiff paid said money, relying upon the statements of the defendants as above set out, believing the same to be true. * * *"

That Elsing afterwards learned that the barber shop was not on the lot that he had purchased, and that he had been damaged in the sum of $3,000.

"Plaintiff states that by reason of such false representations, as set out above, and by reason of the failure of the defendant Simpson to get title to plaintiff to said strip of land and to said barber shop * * * plaintiff has been damaged in the·sum of $3,000, and plaintiff prays judgment against the defendant herein on his first cause of action for said sum of $3,000."

The second cause set up in the petition

refers to the first cause, and adopts the allegations thereof and makes the same a part of the second cause, and alleges:

"* * * And plaintiff shows that on the 4th day of December, 1926, the defendants represented to the plaintiff that if he would purchase lot 28 in block 27, of the town of Seminole aforesaid at a price of $6,000 the defendant Simpson would convey said lot and ground to plaintiff by warranty deed, and would put plaintiff in full and complete possession of said lot and the store building and the barber shop and the strip of land, etc.

"* * * That plaintiff relying upon the said representations did purchase said lot; * * * that defendants failed and refused to put the plaintiff in possession of said property on the date aforesaid; that plaintiff demanded possession on the 1st day of July, 1927, and demanded of the defendants that they comply with their agreement to put him in possession, but defendants failed and refused to vacate. * * *"

He then alleges that the costs of obtaining possession of said property was $469.50, and he prays judgment in his second cause for that amount.

The third cause is unimportant here for the reason that the plaintiff abandoned it upon the trial.

It is to be observed that the defendants are jointly charged with the perpetration of a fraud upon the plaintiff in the sale of the property as alleged in the petition.

The separate answer filed by Simpson denies generally and specifically each and every material allegation contained in the petition, and specifically denies the allegations of the petition respecting the statements alleged to have been made by him to the plaintiff of the barber shop being a part of the property included in the sale.

The separate answer of Holleman likewise denies each and every material allegation contained in the petition, and specifically denies that he ever, at any time or at all, made any statement or representation to the plaintiff respecting the barber shop being included as a part of the property in the sale.

The answers of the defendants form an issue as to all three causes stated in the petition, and invoke the jurisdiction of the court and ask for relief on nonjurisdictional grounds.

Nowhere in the answer of Simpson is the want of jurisdiction over him personally set up or alleged. The reply of the plaintiff to the answers of the defendants is a general denial of all new matter set up and alleged therein. On the 10th day of February, 1931, the case was called for trial to the court and a jury, and at the conclusion of the introduction of the testimony by the plaintiff, the defendant Holleman interposed a demurrer upon the ground and for the reason that the evidence failed to prove that the plaintiff was entitled to recover any relief against him.

The trial court sustained the demurrer as to Holleman, and thereupon the defendant Simpson moved the court to quash the summons served upon him in Tulsa county. And in disposing of the motion of Simpson, the trial court observed:

"The plaintiff in this case alleges that there was a joint liability and sued both defendants in this county, the residence of one of the defendants, and the evidence shows that there was no joint liability, so they had no right to sue the other defendant in this county. They would have to go to the county of his residence and sue him there or where they could get service on him, at least. The only question that remains is whether that defendant waived his right to try the case where the statute says it shall be tried.

"Now, the question is, what could the defendant do in the case? He couldn't quash the summons because in reading the petition of the plaintiff that would disclose that the court had jurisdiction. Plaintiff would have a right to try the issues presented by that petition. So that would have been a useless thing to do, because the plaintiff's petition disclosed that the court had jurisdiction of both of the defendants. The plaintiff alleges: joint liability. There was nothing that the defendant could have done unless he had come into court and made a formal protest against the jurisdiction of the court. It seems to me that the plaintiff is presumed to know what his cause of action is before he brings it and the defendant can presume that the plaintiff will have some evidence upon which to base his cause of action, including the joint liability, and there was nothing that he could do that would be of any force and effect at that time. The first time that he could do anything was when the plaintiff's evidence was all in and plaintiff failed to disclose a joint cause of action. It seems to me that at that time he can raise his objections the first time and that the court would act on them and save him from proceeding further and defending himself against a single liability. So the motion to quash will be sustained."

In due time the plaintiff filed a motion for a new trial, which was sustained as to Simpson and denied as to Holleman, and,

from the ruling of the court granting a new trial, the defendant Simpson brings error here.

Sections 167 and 203, O. S. 1931, are involved in this appeal. Section 167 is as follows:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more defendants, at the plaintiff's request."

Section 203 is as follows:

"When the defects do not appear upon the face of the petition the objections may be taken by answer; and if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objections to the jurisdiction of the court and that the petition does not state facts sufficient to constitute a cause of action."

In the brief of Simpson it is strenuously urged that the petition, stating a joint cause against the defendants, and nothing appearing on its face to indicate otherwise, he presented the question at the earliest opportunity and says the first information he had that there was no joint liability was at the close of the plaintiff's testimony when the court sustained Holleman's demurrer.

We have observed already that the very first appearance by Simpson was a motion to strike the exhibits from the petition, and that being denied, he pleaded by general and special demurrer to the petition; then, after the plaintiff filed an amended petition, he joined with his codefendant in a motion for an order requiring plaintiff in his amended petition to make a more specific statement; then, after the plaintiff filed his second amended petition, the defendants filed a joint motion to make it more definite and certain, which was sustained in part, and when the plaintiff failed to comply with the order of the court within the time allowed, the defendants filed a joint motion to dismiss the case; and finally in his answer, Simpson invoked the jurisdiction of the court upon nonjurisdictional grounds, and nowhere, at any time, in any of the motions or pleadings filed by him, is there any objection urged to the jurisdiction of the court. The first time that question is raised is after the ruling of the court on the demurrer of Holleman.

The statute erects a barrier for the protection of a defendant against being sued in a county other than that of his residence, under certain circumstances disclosed by this record; nevertheless, it is a protection that he may waive, and is waived, where he enters a general appearance by motion, demurrer, or answer in which he invokes the power of the court for relief on nonjurisdictional grounds. Oklahoma Railway Co. v. Boyd, 140 Okla. 45, 282 P. 157; Burke v. Mallaby, 14 Okla. 650, 78 P. 105; Valley Abstract Co. v. Page, 42 Okla. 365, 141 P. 416; Millet v. Blake, 39 Okla. 261, 134 P. 1109; Ziska v. Avey, 36 Okla. 405, 122 P. 722.

It is insisted by the defendant, however, that these decisions have no application to the instant case, for the reason that the petition stated a perfect joint cause of action against defendants, and the defendant Simpson had no way of knowing what Holleman had told the plaintiff until the evidence was in, which failed, under the ruling of the court, to prove a cause as against him, and, therefore, he presented the question at the very earliest opportunity. It is true that the alleged defect nowhere appears on the face of the petition, but the defendant is not restricted in his objections to only such defects as thus appear. Knowing these facts, as he is presumed to have known them, it was the duty of Simpson at the earliest opportunity to challenge the court's jurisdiction.

For the reasons stated, the order of the trial court in granting a motion for a new trial is affirmed, and the case is remanded for trial upon its merits.

The Supreme Court acknowledges the aid of Attorneys J. M. Springer, W. H. Wilcox, and John Adams in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Springer, and approved by Mr. Wilcox and Mr. Adams, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.