DELANEY et al. v. ATTERBURY et al.

No. 29624.    June 3, 1941.

Rehearing Denied Sept. 23, 1941.

*116 P. 2d 968.*

Vernon Roberts, of Ada, for plaintiff in error.

Dick Jones and Charles C. Dunn, both of Okemah, for defendant in error.

BAYLESS, J.   Two propositions of law are presented, viz.: (1) The cause of action should have been revived in the name of Atterbury's personal representative and could not properly be revived in the names of his widow and children; and (2) the action being transitory, the district court of Okfuskee county had no jurisdiction to entertain the action against the nonresident defendants after the dismissal of the action as to the resident defendants.

Our decision on proposition 2 requires a reversal of the judgment and a dismissal of the action by the trial court, and for that reason we do not discuss proposition 1.

The basis for defendant's contention is this: (1) This is an action for damages and is transitory and must be brought in the county of the residence of these defendants, Pontotoc, (2) unless a valid joint cause of action against them and the corporate defendants, who could be properly sued and summoned in Okfuskee county, was pleaded and established; and (3) that the voluntary dismissal by plaintiff of the action as to the corporate defendants necessarily deprived the trial court of jurisdiction of them, on the issue of venue, and

when they raised the issue by their special appearance and plea to jurisdiction, filed soon after the dismissal of the corporate defendants, and again when they presented a similar plea where the action was first called for trial, the trial court should have sustained their pleas; and (4) its proceedings thereafter were null for a lack of jurisdiction.

Plaintiffs answer this proposition by saying that defendants raised the issue too late, that the issue of venue was potentially present from the commencement of the action, and that a party who has such an issue must present it at the first opportunity—that is, by motion to quash or plea to jurisdiction or by demurrer, and when a party does not so raise the issue and answers, it is then too late. Ada-Konawa Bridge Co. v. Cargo, 163 Okla. 122, 21 P. 2d 1, and other cases cited therein.

Defendants respond to this argument by calling attention to the fact that plaintiff's pleadings stated a valid, joint cause of action against all defendants sued, and that any plea of venue prior to the dismissal as to the corporate defendants would have been without merit and futile; and that not until the plaintiffs had voluntarily dismissed as to the resident defendants did the record clearly present the lack of jurisdiction because of improper venue, and that they raised the issue timely thereafter. No Oklahoma decisions on this precise issue are cited or found. Defendants do cite Metcalf v. Hale, 42 Ga. App. 402, 156 S.E. 301, and decisions from other states found in Am. Dig. (West's) Venue, Key Nos. 22 and 32, and 67 C.J. 127, § 207, and cases cited in notes.

We do not think our decision in the Ada-Konawa v. Cargo Case, supra, is controlling. In that case only one defendant was named, and since it was a transitory cause of action, the presence or absence of venue was apparent from the day of filing the action and completion of service. If the defendant was not rightly sued in Pontotoc county, it was as apparent to the defendant when service was complete as it ever could be. In the case we are now considering such was not the state of the record. In fact, as above stated, the record reflected the opposite until the time of the dismissal.

We are convinced from a reading of the authorities cited by defendants that the better rule is to say that the issue should be timely raised when it is first apparent on the record and available to a defendant prior to the submission of the case to the trier of the facts. Norman v. Campbell, 188 Okla. 328, 108 P. 2d 789.

In this case the trial judge would not have been justified in dismissing the action as to the nonresident defendants, on a plea to the venue, prior to the voluntary dismissal as to the resident defendants, unless it could have been shown that plaintiff made resident defendants defendants from bad motives insofar as nonresident defendants were concerned. It must be obvious that this would be a difficult thing for nonresident defendants to show. The better rule is to treat the plaintiff's act in joining nonresident defendants as parties as done in good faith, and to treat the voluntary dismissal as to resident defendants as an admission in good faith of the lack of a joint cause of action, whereupon it can be properly held that the action was not rightly brought in that county insofar as nonresident defendants are concerned in the first instance, and that jurisdiction based on proper venue never attached. In this manner the issue of motive does not require inquiry, and the statutory right of a defendant to be sued in the county of his residence, except in those instances recognized by law, is preserved.

The question of venue after a voluntary dismissal as to the resident defendants was discussed in Pine v. Superior Court, 172 Okla. 70, 39 P. 2d 530.

The distinction between that case and the case under consideration is that in the Pine Case, supra, the record disclosed liability on the part of the res-

ident defendants, while in the instant case the record is silent as to the liability of the resident defendants.

Under the record in the instant case plaintiff did not prove that the action was "rightly brought" in Okfuskee county as authorized under section 167, O. S. 1931, 12 O.S.A. § 154.

It is sufficient for the decision in this case to say, in view of the authorities discussed, the plea to jurisdiction was timely raised by defendants and should been sustained.

The judgment is reversed, with directions to dismiss the action.

OSBORN, and GIBSON, HURST and DAVISON, JJ., concur. CORN V.C.J., and RILEY, J., dissent. WELCH, C. J., and ARNOLD, J., absent.