**Earnest R. ADAMS, Plaintiff in Error,**

**v.**

**James C. STAPP, Defendant in Error.**

**No. 36793.**

Supreme Court of Oklahoma.

May 8, 1956.

Pierce, Mock & Duncan, by Calvin W. Hendrickson, Oklahoma City, for plaintiff in error.

Foy Edwards, Shawnee, for defendant in error.

WILLIAMS, Vice Chief Justice.

This is an action for personal injuries and property damage arising out of an automobile accident. Defendant Earnest R. Adams appeals from a judgment entered in favor of plaintiff James C. Stapp upon the verdict of a jury after trial in the District Court of Pottawatomie County.

The only question presented by this appeal is stated by the parties as follows:

"Did the District Court of Pottawatomie County have jurisdiction of the defendant Earnest R. Adams, a non-resident of Pottawatomie County served with summons outside of Pottawatomie County, after sustaining a demurrer to the evidence of the plaintiff against defendant Clifford Alvin King, a resident of Pottawatomie County, who had been served with summons in Pottawatomie County?"

The automobile accident occurred in Pottawatomie County on December 26, 1951, and involved automobiles driven by plaintiff, defendant Adams, defendant King, and a third defendant, Roy Powell Lee, respectively. The action was commenced on August 14, 1952, by the filing of plaintiff's petition in the District Court of Pottawatomie County. Summons was served on defendant King, a resident of Pottawatomie County, in Pottawatomie County, and upon defendant Adams, a resident of Hughes County, in Hughes County. No summons was ever issued for defendant Lee.

Defendant Adams, appearing specially, filed a plea to the jurisdiction and motion to quash, which was overruled and exceptions allowed, and on October 2, 1952, filed his answer alleging, among other things, that the court had no jurisdiction over his person or property.

On October 20, 1954, the cause came on for trial whereupon defendant Adams renewed his objection to the jurisdiction of the court, which was overruled and the case proceeded to trial. At the close of plaintiff's evidence defendant King's demurrer to the evidence was sustained by the court, whereupon defendant Adams renewed his objection to the jurisdiction of the court and moved that the cause be dismissed for want of jurisdiction. The motion to dismiss was overruled and exceptions allowed. At the close of all the evidence defendant Adams again moved the court to dismiss against him for want of jurisdiction, which motion was again overruled and exceptions allowed. The jury returned a verdict in favor of plaintiff and against defendant Adams in the amount of $2,000 upon which judgment was rendered and defendant Adams appeals therefrom.

As his only assignment of error, defendant Adams contends that the court erred in failing to dismiss the cause as to him for want of jurisdiction and venue, upon the court's sustaining the demurrer to the evidence of the resident defendant, King.

At the time of the filing of this action the venue and jurisdiction of the action as to defendant Adams were determined by the provisions of 12 O.S.1951 § 139, which provided in effect that the action must be brought in the county in which some one of the defendants resides or may be summoned, and 12 O.S.1951 § 154, which provides:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

In order for the action to be "rightfully brought", it was necessary that the petition filed by plaintiff state a joint transitory cause of action against both the resident and the non-resident defendants, Maggi v. Johnson, 200 Okl. 361, 194 P.2d 854, that plaintiff obtain service upon a defendant in Pottawatomie County in order thereafter to issue summons to any other county for service upon another defendant,

**392**

Stumpf v. Pederson, 176 Okl. 136, 54 P.2d 1035; Bearman v. Hunt, 68 Okl. 96, 171 P. 1124, and that the proof on trial of the cause must show that plaintiff has a valid joint cause of action against the resident and the non-resident defendants. Fisher v. Fiske, 96 Okl. 36, 219 P. 683. In the last cited case we held that when the action failed as to the resident defendant the court had no jurisdiction to enter judgment against the non-resident defendant. Such case is squarely in point with the instant case. Defendant Adams' contention would therefore appear to be well taken.

Plaintiff contends, however, that the enactment of 12 O.S.Supp.1953 § 141, vested the trial court with venue and jurisdiction without regard to proper joinder of the resident defendant because the accident occurred in Pottawatomie County. Such act became effective June 8, 1953, and provides as follows:

"The venue of civil actions for damages resulting from the use or operation of motor vehicles, wherein the defendant or defendants reside in the State of Oklahoma at the time of injury, shall be, at the option of the plaintiff or plaintiffs, in either of the following:

"1. In any county of Oklahoma where service of summons can be obtained upon one or more of the defendants as now provided by law.

"2. In any county where the damages or part thereof were sustained.

"The plaintiff or plaintiffs may cause summons to issue to any county in Oklahoma for service upon one or more of the defendants. When service of summons upon one or more of the defendants cannot be obtained in Oklahoma with the exercise of due diligence, service may then be secured upon such defendant or defendants, as now provided, in Chap. 11, 47 O.S. 1951, for service upon non-resident motorists."

It will be noticed that such statute became effective after the pleadings had all been filed and the issues joined in this case but before trial was actually had. Plaintiff contends that the Act is nevertheless applicable to this cause, and cites Shelby-Downard Asphalt Co. v. Enyart, 67 Okl. 237, 170 P. 708, as authority therefor.

In the Shelby-Downard case, supra, "the court under the provisions of section 4674, Rev.Laws 1910 [12 O.S.1951 § 134], dismissed a suit filed in Osage county on the ground that under that statute it had been brought in the wrong venue; but subsequently, and while the right of action still survived, that section of the statute was so amended as to make Osage county the proper venue of the action, and another suit was then filed declaring upon the same cause of action in that same county, and the court under this amended act assumed jurisdiction of the case." Upon appeal this court affirmed the trial court and held that statutes pertaining to venue, and amendments thereto, deal with procedure only and that such statutes, unless the contrary intention is clearly expressed or implied, apply to all actions falling within their terms, whether the right of action existed before or accrued after the enactment.

Defendant concedes that such was the holding in Shelby-Downard Asphalt Co. v. Enyart, supra, but points out that in that case the plaintiff refiled his action and issued a summons to defendant after the amendment to the venue statute had become effective whereas in the case at bar all pleadings were filed and summons served prior to the passage of the venue statute of 1953 and plaintiff did not dismiss his action and refile the same nor file an amended petition nor procure the issuance and service of summons subsequent to the effective date of such statute. We are of the opinion that the point is well taken.

It will be noticed that 12 O.S.Supp. 1953 § 141, supra, is not a mandatory venue enactment, but merely makes an additional venue available to plaintiff at his option which he may elect to take advantage of by proceeding thereunder. Plaintiff, however, has not as yet proceeded thereunder. He could not proceed thereunder prior to the effective date of the act and no proceedings

to vest the trial court with jurisdiction have occurred since the effective date of the act.

For these reasons, we are of the opinion that the cause should be reversed and remanded with directions to the court below to dismiss the action as against defendant Adams, without prejudice, however, to plaintiff's right to refile the action and obtain service of summons under the provisions of 12 O:S.Supp.1953 § 141, and it is so ordered.

JOHNSON, C. J., and WELCH, CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.