**O. L. SINOR and L. C. Sinor, d/b/a Sinor Brothers Construction Company, a partnership, Hartford Accident and Indemnity Company, a corporation, Clovis H. McElroy and David L. Etter, Plaintiffs in Error,**

**v.**

**Charles E. HART, Defendant in Error.**

**No. 39940.**

Supreme Court of Oklahoma.
May 21, 1963.

Rehearing Denied July 9, 1963.

670

Covington & Gibbon, A. M. Covington, James E. Poe, Tulsa, for plaintiffs in error.

Jack B. Sellers, Sapulpa, for defendant in error.

JOHNSON, Justice.

This suit was filed in the District Court of Creek County, Oklahoma, by the defendant in error, Charles E. Hart, hereafter referred to as plaintiff, wherein he sought recovery for personal injury sustained in a truck-motorcycle collision which occurred in Pawnee County, Oklahoma, against the defendants O. L. Sinor and L. C. Sinor, d/b/a Sinor Brothers Construction Com-

pany, a partnership, hereafter referred to as Sinor Brothers, Hartford Accident and Indemnity Company, a corporation, hereafter referred to as Hartford, and Clovis H. McElroy and David L. Etter.

Service of summons was had upon the defendants O. L. Sinor and L. C. Sinor and David L. Etter in Mayes County, Oklahoma, and personal service was had upon the defendant McElroy in Oklahoma County, Oklahoma. Statutory service of summons for Creek County, Oklahoma, was had upon Hartford, it being the only defendant served with process "in" Creek County.

The plaintiff's petition alleged, in addition to the usual allegations of negligence, not necessary to enumerate here, plaintiff's injury, etc.; that the defendants Sinor Brothers were the holders of a Class B Motor Carrier Certificate issued by the Oklahoma Corporation Commission; that the defendant Hartford had issued a policy of liability insurance for the said defendants Sinor Brothers covering trucks owned by them as required by statute (47 O.S.1961 § 169), the pertinent part of which reads:

"* * * and such liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any such motor carrier for which such carrier is legally liable; * * *."

The petition further alleged that the plaintiff was struck by the defendant David L. Etter driving a dump truck owned by the defendant Sinor Brothers and the defendant McElroy, and that said defendant Etter was the agent, servant and employee of the defendant Sinor Brothers and McElroy, and that he was acting within the scope of said employment and that his negligence was the negligence of the defendants Sinor Brothers and McElroy.

The defendants filed a special plea to the jurisdiction of the court which was overruled with exceptions, and the defendants then answered denying generally the allegations of the petition but admitting the accident and that the vehicles were operated by the plaintiff and defendant Etter, but each of the defendants denied that Etter or either of the defendants was guilty of negligence; they further denied that Etter was acting as agent, servant or employee of any of the named defendants; defendants further denied that the policy of defendant Hartford provided coverage or indemnity for acts or conduct of the defendants Etter or McElroy.

The defendants supplement to their answer alleged that none of the defendants at the time involved was engaged in any business in connection with the Class B Permit held by the defendant Sinor Brothers; that defendant Hartford was not a proper party defendant, and that the policy of insurance did not apply to the plaintiff or other parties; defendant further denied that the court had jurisdiction or that plaintiff was a resident of Creek County.

The liability of Hartford was specifically put in issue by its answer. By supplement to the answer it plead in part:

"* * * deny that at the time herein complained of the Defendants, O. L. and L. C. Sinor, d/b/a Sinor Brothers Construction Company, or anyone acting for and on their behalf, were engaged in the pursuit of any business in connection with the Class 'B' permit which they hold with the Corporation Commission of the State of Oklahoma and by reason thereof these Defendants, and each of them, deny the Defendant Hartford Accident & Indemnity Company is a proper Defendant in this cause and the policy of insurance attached to the Petition in this cause was not written for or intended as coverage for the benefit of any of the parties herein * * *."

After the issues were thus joined, trial was had resulting in a jury verdict in favor of defendants Sinor Brothers and Hartford. A verdict was rendered, however, against the defendant McElroy, the truck owner, and the defendant Etter, the truck driver,

in the amount of $15,000.00. The plaintiff, Charles E. Hart, and the defendants McElroy and Etter filed motions for new trial. The defendants McElroy and Etter also filed motions to dismiss and for judgment notwithstanding the verdict. The motion of plaintiff for new trial was sustained over the objections and exception of the defendants Sinor Brothers and Hartford. The motions to dismiss and for judgment non obstante of defendants McElroy and Etter were overruled with exceptions allowed. This appeal by all of the defendants followed.

In the Journal Entry overruling the various motions of defendants and sustaining that of plaintiff, the court found:

" * * * the motion of plaintiff for new trial should be sustained for the reason the court committed prejudicial error in granting instructions #14 to 20 inclusive, dealing with the agency relationship but should have instructed the jury that the defendants Sinor Brothers Construction Co., as sued, and Hartford Accident and Indemnity Co., were responsible as a matter of law for the acts and conduct of defendants, McElroy and Etter. * * *"

This was the sole ground given for the overturning of the jury verdict.

1. The only defendant summoned in Creek County was Hartford. Therefore, if no cause of action existed against it, the case against all of the defendants must fail for, as heretofore stated, proper objections and exceptions on the question of jurisdiction of the Court were preserved by all of the defendants throughout the trial.

2. If the instructions to the jury upon the issue of independent contractor were correct, the finding of the jury that McElroy was an independent contractor is conclusive on this court, and the exoneration of Sinor Brothers by such finding automatically releases Hartford, and the entire case thereby fails for want of jurisdiction.

We shall consider so much of the above as may be necessary to a determination of this case.

We shall consider these in reverse order. There is no contention made in the briefs that Instructions Nos. 14 to 20 wrongly defined the facts necessary to constitute the relation of independent contractor. The only contention made is that this issue was one for the court and not for the jury. Some of the earlier cases from this court have indicated that when the facts are "undisputed" the relation is one for the court to determine. However, the later and more considered cases have added a qualification to this rule, and such is not always the case even though the facts may be undisputed. In the case of Mistletoe Express Service, Inc. v. Culp, Okl., 353 P.2d 9, the second paragraph of the syllabus reads:

"The line of demarcation between an independent contractor and a servant is not clearly drawn, but the question of such relationship must be determined upon the facts peculiar to each case, and if the evidence is such that the minds of reasonable men may differ as to whether the relationship established was that of contractee and independent contractor or master and servant, the determination of such relationship is for the jury under proper instruction by the court."

Again, in the latest expression from this court in Morain v. Lollis, Okl., 371 P.2d 473, the syllabus by the court reads:

"An independent contractor is one who engages to perform a certain service for another, according to his own method and manner, free from control and direction of his employer in all matters connected with the performance of the service, except as to the result thereof. * * *

"The line of demarcation between an independent contractor and a servant is not clearly drawn, but the question of such relationship must be determined upon the facts peculiar to each case. * * *

"Where the facts bearing on a material issue are disputed, or where there

is room for a reasonable difference of opinion as to the proper inference from the known facts, the issue is for the jury under proper instructions by the court."

■ In the light of these two latest expressions from this court, let us examine the evidence. The facts evidencing an independent contractor relation upon the part of McElroy may be stated as follows. McElroy owned the truck. The trailer was leased by him. He was paid on a ton-mile basis for the hauling of sand and gravel. He was not told what hours he must work, what routes he must travel, or given any directions as to his speed. He could take whatever time he wished on a particular trip. He bought the gasoline for the propulsion of his truck. He kept the record of his own time.

As opposed to this, Sinor Brothers issued checks for his services from which checks social security and unemployment taxes were deducted.

Different inferences could be drawn from this evidence, and, therefore, the case comes squarely within the rules set forth in the cases, supra. The facts in this case are analogous in every way to the Oklahoma federal case of Ryan-Richards, Inc. v. Whitesides, 96 F.2d 826. In that case, the question of independent contractor was involved. On one side all of the elements necessary to establish such a relation were made. On the other hand, there was a written report made by the contractor to the highway commission stating that the truck driver was its employee, comparable in respect to the evidence of the deduction of social security and unemployment taxes in this case. It was there held "This is direct evidence to be considered in connection with all the circumstances" and that the determination of the question as to whether the truck driver involved in the accident was a servant or an independent contractor was a jury question.

We therefore hold that the issue of independent contractor was properly submitted to a jury, and that the trial court abused its discretion in granting a new trial.

■ The finding of the jury in favor of Sinor Brothers and Hartford is a finding that McElroy was an independent contractor and binding on this court.

■ It remains but to consider the effect of such finding. The only jurisdiction of the trial court depended upon the existence of a cause of action against Hartford, for all of the remaining defendants were served elsewhere than in Creek County. Throughout the entire proceedings, objections were lodged and exceptions preserved to the jurisdiction of the court. A finding that no cause of action existed against Hartford deprived the trial court of jurisdiction against any of the defendants. In the recent case of Oklahoma Turnpike Authority et al. v. Walden, Okl., 371 P.2d 920, the first paragraph of the syllabus reads:

"In order to give a court jurisdiction over a defendant who is a non-resident of the county where suit is brought, and for whom summons has been issued to another county, the averments of the petition and the proof on the trial must show that the plaintiff has a valid joint cause of action against the resident defendant on whom valid service is had, as well as against the nonresident defendant."

The plaintiff having failed to prove a case against Hartford, the trial court was deprived of all venue and jurisdiction.

Cause reversed with directions to vacate the judgment herein and dismiss the action.

HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., and WELCH, J., dissent.