Max McCALL, Guardian of the Estate of Jimmy Shideler, a Minor, Plaintiff in Error,

v.

Terry Lynn DUFF, Defendant in Error.

No. 39647.

Supreme Court of Oklahoma.

Oct. 8, 1963.

Jack B. Sellers, Sapulpa, Joe A. Moore, Memphis, Tenn., of counsel on reply brief, for plaintiff in error.

Green & Feldman, W. E. Green, Raymond G. Feldman, Wm. S. Hall, George A. Farrar, Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal by Max McCall, Guardian of the Estate of Jimmy Shideler, a minor (plaintiff below) from an order and judgment in favor of Terry Lynn Duff (defendant below) dismissing plaintiff's action for damages for personal injuries to said minor caused by an automobile accident. The basis for the dismissal was that the lower court concluded it had no jurisdiction over said defendant and lacked venue of the action.

The automobile collision took place in Payne County on February 21, 1960, between the automobile driven by the defendant Duff and an automobile driven by a second defendant, Duane Henry Weese.

The plaintiff minor (Shideler) was a passenger in the Weese car. The action was filed in the District Court of Creek County and summons was served upon Weese, a resident of Creek County, in Creek County, and summons was served on Duff in Payne County.

The defendants filed separate motions and demurrers directed to the petition and plaintiff filed an amendment to his petition. On September 27, 1960. Duff filed an answer consisting of a general denial and specifically denying negligence, and alleging the negligence of Weese was the cause of the injury and damage to the minor plaintiff.

The matter came on for trial on October 10, 1960. At that time the defendant Weese had not filed an answer and made no appearance. The plaintiff then announced that plaintiff had, for a consideration, entered into an agreement with Weese not to sue Weese, to be completed (approved) in the guardianship as soon as this formality could be accomplished, but that plaintiff intended to proceed to trial against the defendant Duff. Thereupon the defendant Duff objected to the right and power of the court to exercise jurisdiction over him and to the venue of the action in Creek County and requested the court to dismiss the action as to him (Duff). It was contended on behalf of Duff that the settlement and agreement with the Creek County resident defendant (Weese) destroyed all valid grounds under which he (Duff), a nonresident of Creek County, was made a party defendant to the action in Creek County. The court denied Duff's motion to dismiss and the trial began.

The next day (October 11, 1960) the defendant Weese filed an answer and plaintiff filed a dismissal "without prejudice" as to Weese, reciting that bona fide settlement for a valuable consideration had been made with Weese, and that plaintiff reserved all claims and demands against Duff. Duff renewed his objections to the jurisdiction of the court and the venue of the action and moved the action be dismissed. The court denied the motion.

At the conclusion of plaintiff's evidence Duff again objected to the jurisdiction and venue. The court found that plaintiff's evidence was insufficient to show a cause of action against Weese and that the court had no jurisdiction over the non-resident defendant Duff and dismissed the action. In connection therewith the court denied plaintiff's application to reopen the case for introduction of additional testimony.

Plaintiff contends that the trial court erred in sustaining the motion to dismiss. Under this proposition plaintiff urges that the defendant Duff entered his general appearance when he filed his prior motions, demurrers and answer without raising the question of the jurisdiction of the court over him, and that it was too late and defendant had waived his objection when he first raised the question at the beginning of the trial.

In order for the court to have jurisdiction over the non-resident defendant it was necessary that the petition state a joint transitory cause of action against both the resident (Weese) and the non-resident defendant (Duff), that plaintiff obtain service of summons upon a defendant (Weese) in Creek County in order to issue summons to any other county for service upon the other defendant (Duff), and that proof on trial of the cause show that plaintiff has a valid joint cause of action against the resident and the non-resident defendants. Sinor v. Hart, Okl., 383 P.2d 669 and Adams v. Stapp, Okl., 297 P.2d 389, 391, 392. See also Oklahoma Turnpike Authority v. Walden, Okl., 371 P.2d 920.

Plaintiff contends the non-resident defendant Duff failed to take timely action to raise the question of jurisdiction and venue.

In Delaney v. Atterbury, 189 Okl. 361, 116 P.2d 968, the plaintiffs' petition stated a joint cause of action against all defendants. Before trial the plaintiffs dismissed as to the resident defendants and the non-resident defendants objected to the jurisdiction and venue. The trial court denied the objection and trial of the action resulted in a judgment for plaintiffs against the non-resident defendants. On appeal this court found that the objection was timely raised and further that the record was silent as to the liability of the resident defendants, and reversed the judgment with directions to dismiss the action. Therein we stated that the issue of jurisdiction and venue should be timely raised when it is first apparent on the record and available to a defendant prior to the submission of the case to the trier of the facts. We further stated:

"Where a transitory cause of action has been brought against several defendants jointly, and venue of the action has been established in O County by service of process on certain defendants rightly sued in that county, and thereafter and before trial the plaintiff voluntarily dismisses the action as to the defendants subject to be sued in O County, the nonresident defendants may then timely raise the issue of lack of venue for the first time."

In the present case the petition and amendment thereto stated a transitory cause of action against both Duff and Weese as joint tort-feasors in alleging their negligence as drivers of the two cars involved in the accident in which plaintiff minor was injured. The non-resident defendant Weese had not filed an answer at the time of the trial. Prior to plaintiff's announcement, when the case was called for trial, that he had settled with Weese, there was no issue of jurisdiction and venue apparent on the record that was available to Duff. Upon plaintiff's announcement Duff immediately raised the issue then and at all available times thereafter.

Plaintiff's cited decisions in support of his contention are distinguishable on the facts. In Summers v. Williams, 205 Okl. 164, 242 P.2d 139, the petition did not state a cause of action against the resident defendant, and the non-resident defendant (after filing preliminary motions) first raised the issue of jurisdiction in his an-

swer. The issue was not raised when it was first apparent. In Ada-Konawa Bridge Co. v. Cargo, 163 Okl. 122, 21 P.2d 1, the suit was on a transitory cause of action against a non-resident defendant. The question of jurisdiction was immediately apparent, but defendant first raised the issue at the trial. In Simpson v. Elsing, 169 Okl. 391, 37 P.2d 267, the non-resident defendant first raised the issue of jurisdiction at the trial (after plaintiff failed to recover against the resident defendant) and this court found defendant had failed timely to raise such issue consistent with his knowledge of the facts. In Pine v. Superior Court of Seminole County, 172 Okl. 70, 39 P.2d 530, there was an original proceeding in this court by the non-resident defendant to prohibit the Superior Court from proceeding further in a case where the plaintiff had settled his damages with the resident defendant but had not dismissed as to such defendant. The writ was denied on the ground that the case had not been tried; that it was not contended, nor did it appear on the record, that the action was not "rightly brought" in Seminole County; and that the settlement for a substantial sum did not indicate it was not "rightly brought" in said county. In effect the decision holds that under the circumstances the issue of jurisdiction and venue would be determined in later proceedings and trial in the lower court.

It is our conclusion that Duff timely raised the issue of jurisdiction and venue.

■ At the conclusion of plaintiff's evidence Duff urged, and the trial court found, that the proof failed to establish a cause of action against the defendant Weese. Our examination of the record of the trial convinces us that the record is silent as to any liability on the part of Weese and that the trial court's finding is correct. Certain depositions shown in a supplement to the case made were not introduced in evidence and the effect of the contents thereof, if any, on this aspect of the case, cannot be considered by this court. In re Hess' Estate, Okl., 379 P.2d 851, 859.

Relative to this feature of the case the plaintiff urges that the allegations in Duff's answer, denying he (Duff) was negligent and alleging negligence on the part of Weese was the cause of plaintiff's injury and damage, relieves plaintiff of any obligation to prove a cause of action against Weese in order to show venue of the action was in Creek County. This contention is first set forth in plaintiff's reply brief and appears to be an after-thought on the part of plaintiff. The fallacy in this contention is that it fails to consider the circumstances. The allegations are matters of defense as distinguished from pleas for affirmative relief which would invoke the jurisdiction and power of the trial court. The answer was filed to a petition that stated a valid joint cause of action and there was nothing apparent of record showing or indicating a lack of jurisdiction because of improper venue. Duff was entitled to plead as a defense an absence of negligence on his part and the source or cause of plaintiff's injuries. Duff immediately raised the issue of jurisdiction and venue when it became apparent of record by plaintiff's settlement and dismissal as to Weese. From that time plaintiff knew that he must show a valid joint cause of action against both defendants. The record does not so reflect.

In Fisher v. Fiske, 96 Okl. 36, 219 P. 683 (cited in Adams v. Stapp, supra), we recognized the right of a defendant to be sued where he lives and said that the exceptions must be strictly applied so as not to abort their limited purpose, and further quoted with approval as follows: "The law does not permit the important matter of jurisdiction to be determined by joining colorable or dummy defendants in the case."

■ Plaintiff further contends that the trial court abused its discretion in refusing plaintiff's motion to reopen.

At the conclusion of plaintiff's evidence and after he had rested and Duff again presented the issue of jurisdiction and venue and moved the action be dismissed and the matter was argued, the plaintiff

requested leave to reopen. The court refused the request. Plaintiff made no statement or tender of additional testimony. Such a request is addressed largely to the discretion of the trial court and its ruling thereon will not be disturbed by this court unless it clearly appears that the trial court abused its discretion. Potts v. First Nat. Bank of Durant, 143 Okl. 140, 287 P. 1003. We cannot say that the court clearly abused its discretion.

Affirmed.

BLACKBIRD, C. J., and WELCH, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.