F. Don PITTMAN and Jim Gaffney, Co-administrators of the Estate of Donald E. Deaton, Deceased, Plaintiffs,

v.

A. Paul COMPTON, M. D. and Oklahoma Baptist General Convention, an Oklahoma Corporation, d/b/a Grand Valley Hospital, Defendants.

Civ. No. 67-208.

United States District Court
N. D. Oklahoma.

Jan. 4, 1968.

Floyd L. Walker, Tulsa, Okl., for plaintiffs.

John R. Richards, Tulsa, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Plaintiffs as Administrators of the Estate of Donald E. Deaton, Deceased, brought this suit in the District Court for Creek County, Oklahoma, for the wrongful death of Deaton. Before summons was served on either Defendant, Plaintiffs dismissed the Defendant, Oklahoma Baptist General Convention from their suit in the State District Court. The Defendant Compton was thereafter served in Colorado because he had become a non-resident of Oklahoma since the date this cause of action accrued. Compton has removed the case to this Court and now moves to dismiss the action because of lack of

jurisdiction on the grounds of improper venue and service in the District Court of Creek County, Oklahoma.

■ If the Creek County District Court had no jurisdiction of this case at the time of the Defendant's (Compton's) petition for removal, this Court cannot acquire jurisdiction [1].

■■ The Defendant objects to the venue of the case being laid in the Creek County District Court, on the theory that where a joint transitory action is brought against both resident and non-resident defendants, venue lies in the county where the resident defendant resides, or, if a corporation, where it is situated or has its principal place of business. This is the tenor of the Oklahoma venue statutes (12 O.S. § 131 et seq.) and one of the long-arm statutes (12 O.S. § 187). The corporation named in the Complaint, however, never became a party as it was never served. In fact, it was dismissed before any summons was served, and no service was ever issued as to it. With the corporation out of the suit, the Complaint still states a cause of action against the Defendant Compton, who is the only Defendant in the case and is a non-resident. As only the parties actually in the case are determinative of venue,[2] it follows that venue where the only defendant is a non-resident may properly be laid in the county of Plaintiff's residence (12 O.S. § 137), which in this case is Creek County. The Creek County District Court was, therefore, not without jurisdiction because of improper venue.

The Defendant next objects to the process served on him by the Sheriff of Denver County, Colorado, in that it did not specify the proper time for return of the summons as provided in 12 O.S. § 175, thus requiring him to answer in less time than the statute provides. Out of state personal service is authorized by 12 O.S. § 187(b) and must be effected in the manner provided in 12 O.S. § 175. Personal service out of state is also authorized by 12 O.S. § 1701.04 and the proper methods of effecting service are specified in 12 O.S. § 1702.01. Among these methods is "personal delivery in the manner prescribed for service within this state;" 12 O.S. § 1702.01(a) (1). This method is described in 12 O.S. § 155. The date when the summons is returnable is different: in § 175, it must be more than twenty-one days after the date of the summons, and under § 155, return may be made from ten to sixty days after the date of the summons. Here, the Plaintiffs made the summons returnable in fifteen days, with answer to be filed within twenty days thereafter in accordance with 12 O.S. § 283.

■■ It is true that failure to follow the procedures prescribed by statute will make the process on which suit is predicated fatally defective.[3] However, this is not here the case. The method of service utilized by Plaintiffs was authorized by statute, 12 O.S. § 1702.01 (a) (1). It was effected in the manner prescribed for service within the state. 12 O.S. § 155.[4] The service effected in this case is therefore valid.

■ It appears from Defendant's Petition for Removal on Ground of Diversity of Citizenship that the Plaintiffs are citizens of Oklahoma, that the Defendant Compton is a citizen of Colorado, and that the amount in controversy exceeds $10,000.00. It further ap-

1. Barron & Holtzoff, Federal Practice and Procedure, Vol. 1, pp. 458, 472–473.

2. McCall v. Duff, 385 P.2d 916 (Okl.1963), Delaney v. Atterbury, 189 Okl. 361, 116 P.2d 968 (Okl.1941).

3. Aggers v. Bridges, 31 Okl. 617, 122 P. 170 (1912), State ex rel. Collins et al. v. Parks, Judge, 34 Okl. 335, 126 P. 242 (1912).

4. Time when service is returnable, except in regard to 12 O.S. § 175, is not considered to create any substantive rights in the parties for its observance. Continental Ins. Co. v. Norman, 71 Okl. 146, 176 P. 211 (1918), Hines v. Bacon, 91 Okl. 55, 215 P. 1048 (1923). In strict matter of fact, all the time guaranteed a non-resident defendant served under 12 O.S. § 1702.01(a) (1) is the twenty days of 12 O.S. § 283.

pears that the action commenced in the Creek County District Court against the Defendant Compton was within the jurisdiction of that Court when said Petition for Removal was filed herein and this Court likewise has jurisdiction of Plaintiffs' cause of action and personal jurisdiction of the Defendant.

The Defendant's Motion to Dismiss because of Lack of Jurisdiction of the Subject Matter and Person of the Defendant, and because of Lack of Venue of this Action is hereby overruled and the Defendant Compton is ordered to answer Plaintiffs' Complaint within twenty (20) days from the date of this order.